LINCOLN D. SPENCER *et al. vs.* EDWARD P. SPENCER *et al.*

PROVIDENCE—JUNE 13, 1903.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1)　*Trusts.　Agreement to make Will.　Contracts.　Equity.*

A. contracted with B. in writing that in consideration that A. would leave his business in X. and go to Y., taking his father, the brother of B., to visit the latter, and for A. to see how B. conducted his business and whether A. would be content to leave X. and settle in Y. and run the business of B. after the latter's decease, that B would make his will, giving his property to A. for life, and after his decease to the son of A. Pursuant to said contract A. left X., bringing his father to Y. that B. might see them, and that A. might learn about the business, expending about $1,000; A. informed B. that he was content to leave X. and take the business of B.　B. died, leaving a will giving his estate to C.　On bill asking that the legatees and devisees be declared trustees for A., on demurrer:—

*Held,* that the bill stated a case cognizable in equity.

*Held,* further, that the bill showed a valid consideration for the contract.

*Held,* further, that, as the bill alleged a contract in writing, it was not within the statute of frauds, but otherwise, as there had been part performance, the statute would not apply.

(2)　*Election of Remedies.　Wills.*

*Held,* further, that an appeal by A. from the probate of the will was not inconsistent with the relief sought by the bill, and was not an election of remedies.

BILL IN EQUITY seeking relief set forth in opinion.　Heard on demurrer to bill, and demurrer overruled.

STINESS, C. J.  The substantial allegations of the bill to be considered on demurrer are that Lincoln Dyer Spencer and his uncle Obadiah Brown Spencer made a contract in writing in 1894, in consideration of the promise of Lincoln that he would keep the property of said Obadiah in the Spencer name as long as possible, that said Obadiah would make his will and leave all his estate, except a legacy of $200, to said Lincoln; that Lincoln was informed by Obadiah in 1894 that he had made his will as stated, according to said promise; that the complainant Rhodes Vaughn Spencer was born later in the year 1894, and in 1898 said Lincoln and Obadiah again contracted in writing, in consideration that Lincoln would leave his business in Seattle, Washington, go to East Greenwich, taking his father, a brother of Obadiah, to visit the latter and for Lincoln to see how Obadiah conducted his business and whether said Lincoln would be content to leave the West and to settle down to said Obadiah's business and run it, said business being a fifty-year contract for teaming for the East Greenwich Bleachery, that said Obadiah had made his will, giving all but $200 to said Lincoln for life and after his death to said Rhodes; that subsequently, pursuant to said contract, Lincoln left his business at Seattle and brought his father, then living in Nebraska, to East Greenwich that said Obadiah might see them, and that Lincoln might learn about said business, expending thereby about $1,000; that Lincoln then informed Obadiah that he was content to leave the West on Obadiah's decease, and to take his business.

Obadiah died January 12, 1902, leaving a will dated March 19, 1901, giving all his estate, after certain legacies, to his daughter, Mary Lena Spencer, which will has been duly proved.

The bill asks that the legatees and devisees under the will may be declared to be trustees for the complainants of the estate left by said Obadiah, and that they convey the same to the complainants.

To the case of *Whiton* v. *Whiton*, 4 Prob. Rep. Ann. 522,

is added, on page 542, a comprehensive note covering the question raised by this demurrer.

It is there stated that the weight of authority is in favor of the position that a man may make a valid agreement to dispose of his property in a particular way by will, and that such contract may be enforced in equity, after his decease, against his heirs, devisees, or personal representatives. *Dicken* v. *McKinley*, 163 Ill. 322; *Newton* v. *Newton*, 46 Minn. 35; *Gall* v. *Gall*, 64 Hun. 600, 19 N. Y. Supp. 332; *Shakspeare* v. *Markham*, 72 N. Y. 400; *Carmichael* v. *Carmichael*, 72 Mich. 85.

In Beach's Mod. Eq. Juris. § 602, it is said: "It is well settled that equity has jurisdiction to decree specific performance of a contract to make a will." The theory on which courts proceed is to construe the contract to bind the property so far as to fasten a trust on it in favor of the promisee, and to enforce it against heirs and representatives, or others charged with notice of the trust.

There can be no difference in principle between contracts to be performed in life or at death.

While it is true that contracts of the latter class may afford opportunity for fraud, one party being dead, and that courts will therefore require strict proof both of contract and consideration; on the other hand one may secure advantages in life under a contract, with little care as to a breach at his death. The obligations of a contract, however, are the same in either case.

Like all other contracts, one of the kind before us must be supported by legal consideration.

The bill alleges that the complainant left his business, came across the continent, brought his father to see his brother, the deceased, and examined the business, at an expense of much time and money, by the request of said Obadiah and as a condition to the contract. In *Wellington* v. *Apthorp*, 145 Mass. 69, a trip to California, at request of testatrix, was held to be consideration for an agreement to leave a legacy of $5,000.

The next question is whether the contract is void under the statute of frauds.

Clearly not on demurrer, because the bill alleges a contract in writing.· But even without that, the general rule applies that when there has been part or full performance on one side the statute does not apply. *Van Dyne* v. *Vreeland*, 11 N. J. Ch. (3 Stockt.) 370; n. c. 12 N. J. Eq. (1 Beas.) 142; *Davison* v.·*Davison*, 13 N. J. Eq. (2 Beas.) 246; *Pflugar* v. *Pultz*, 43 N. J. Eq. (16 Stew.) 440; *Manck* v. *Melton*, 64 Ind. 414; *Kofka* v. *Rosicky*, 41 Neb. 328; *Gupton* v. *Gupton*, 47 Mo. (6 Post) 37; *Korminsky* v. *Korminsky*, 21 N. Y. Supp. 611; *Roehl* v. *Haumesser*, 15 N. E. Rep. (Ind.) 345.

Cases are numerous which support the right to enforce such a contract by bill for specific performance or for a trust against heirs or devisees. In addition to those already cited are the following: *Colby* v. *Colby*, 30 N. Y. Supp. 677; *Sutton* v. *Hayden*, 62 Mo. (21 Post) 101; *Whiton* v. *Whiton*, 179 Ill. 32; *Fogle* v. *St.· Michael*, 48 S. C. 86; *Schutt* v. *The Missionary Society*, 41 N. J. Eq. 115; *Newton* v. *Newton*, 48 N. W. Rep. (Minn.) 450; *McKinnon* v. *McKinnon*, 56 Fed. Rep. 409; *Duvale* v. *Duvale*, 35 Atl. Rep. (N. J.) 750. *Ransdel* v. *Moore*, 153 Ind. 393, citing numerous cases.

(2) The respondents claim that the complainants have elected their remedy at law by taking an appeal from the probate of the will of Obadiah Spencer. We see no force in this objection. The complainants might well claim that the will was· invalid, for undue influence or for other reasons, without prejudicing their standing under this bill. The two matters are quite distinct, and an appeal from the probate of a will is not inconsistent with the relief sought by this bill.

Demurrer to the bill overruled.

*William M. P. Bowen,* for complainants.

*William B. W. Hallett,* for respondents.