ANNA BAHNSEN and A. A. ELBY, Appellees, v. THOMAS J. QUALLEY, Sheriff and THE McCORMICK HARVESTING MACHINE COMPANY, Appellants.

**Executions:** ACTION TO ENJOIN SALE: INTEREST OF DEBTOR: EVIDENCE. Where the title to property levied upon is in the name of one not the judgment debtor, the burden is upon the judgment creditor to show that he has some interest therein. In the instant case the evidence is held insufficient to show that the debtor had any interest in the property levied upon.

*Appeal from Winneshiek District Court.*—HON. L. E. FELLOWS, Judge.

SATURDAY, APRIL 10, 1909.

ACTION in equity to enjoin a sheriff's sale of real
estate.   Decree granting the relief prayed, and defendants
appeal.—*Affirmed.*

*E. W. Cutting,* for appellants.

*H. F. Barthell* and *E. P. Johnson,* for appellees.

WEAVER, J.—The McCormick Harvesting Machine
Company is a judgment creditor of O. A. Elby.   Elby
is an unmarried person living with his mother, A. A. Elby,
and his widowed sister, Anna Bahnsen. . The home occu-
pied by them is upon property the legal title to which is
in the name of A. A. Elby and Anna Bahnsen.   On the
claim that the name of A. A. Elby in the title deeds to
the property was intended and was in fact used therein
to describe A. O. Elby, the judgment debtor, and that
he is in fact a half owner of said property, the McCor-
mick Harvesting Machine Company caused an execution
upon its judgment to issue and be levied thereon.   To
restrain the sheriff from proceeding with the sale this
suit was instituted.

The controversy is of a familiar type, and turns en-
tirely upon the fact whether the conveyance under which
appellees claim was made to the mother and daughter, or
to the brother and sister.   It will profit nothing to set
out the testimony.   Suffice it to say that it shows the ap-
pellee A. A. Elby is a woman of foreign birth, but slightly
acquainted with the English language, and that her son,
A. O. Elby, has been intrusted to a great extent with the
management of her business.   It also appears that he
acted with his sister in making the purchase of this prop-
erty, and assumed to sign the name A. A. Elby to the
notes and mortgage executed in closing the deal.   This the

mother, daughter and son say he was authorized to do, and that the name so written was intended to designate A. A. Elby, the mother, and not A. O. Elby, the son. It may be admitted that there are some circumstances on which a suspicion may be based that the son was in fact the person intended as the grantee; but they are of slight import as against the combined testimony of the only persons who can know the truth, and the further fact that every dollar which entered into this purchase is traced without dispute to the mother and daughter. No attempt is made whatever to show that the judgment debtor had any means or property from which he did or could have procured the money for that purpose. The one main fact relied upon is that the son lived with his mother and sister, and to the extent of his ability assisted them in carrying on a small grocery business, in which they were engaged. It appears, however, that for many years he has been physically maimed, and thereby incapacitated for most kinds of manual labor, and has been given a home and support by his mother and sister in return for such services as he can render them. The property being concededly in the name of A. A. Elby and Anna Bahnsen, the burden is upon the harvesting machine company to show that its debtor, A. O. Elby, has some interest therein subject to its execution.

In this it has failed, and the decree of the district court is *affirmed.*