CHARLET *v.* TEAKLE.

1. APPEAL AND ERROR—SCOPE OF REVIEW—SPECIFIC PERFORMANCE—AMENDMENTS—VARIANCE—LEASES—ORAL AGREEMENTS.

An amendment to the bill, in a suit for specific performance of an agreement for a lease, setting out the oral agreement so as to correspond with the proof, may be made on appeal, where there is a variance between the bill and the proof, although the question of variance is first raised on appeal.

2. SPECIFIC PERFORMANCE—LANDLORD AND TENANT—ORAL AGREEMENTS—IMPROVEMENTS—LEASES—PART PERFORMANCE—STATUTES—CONSTRUCTION.

Where improvements are made by a tenant, and he takes

possession of other buildings, and pays the specified rent, including that for the other buildings, there is such part performance of an oral agreement whereby the landlord agreed that if the tenant would make specified improvements and rent certain other buildings the lease would be extended for a specified period, as to warrant specific performance of the agreement under 3 Comp. Laws 1915, § 11979, providing that nothing in this chapter shall be construed to abridge the powers of the court of chancery to compel specific performance of agreements in case of part performance.

3. SAME—ORAL AGREEMENTS—LEASES—IMPROVEMENTS—EVIDENCE.
   On a bill for specific performance of an oral agreement for a lease, evidence *held*, sufficient to show an oral agreement that if plaintiff made certain improvements and rented additional buildings the lease would be extended for a certain period.

4. EQUITY—REHEARINGS—NEWLY-DISCOVERED EVIDENCE — CUMULATIVE EVIDENCE.
   A motion for a rehearing, in a suit for the specific performance of an agreement for the extension of an oral lease on the ground of newly-discovered evidence, is properly denied where the evidence, a sublease by plaintiff in which he stated he had no lease, was merely cumulative, and such evidence could have been discovered while the trial was in progress.

Appeal from Wayne; Hally, J. Submitted April 13, 1917. (Docket No. 110.) Decided July 26, 1917.

Bill by Frank Charlet against Robert T. Teakle for the specific performance of an agreement for a lease. From a decree for plaintiff, defendant appeals. Affirmed.

*Stellwagen & MacKay,* for plaintiff.

*Harvey S. Durand* (*Stevenson, Carpenter, Butzel & Backus,* of counsel), for defendant.

STONE, J. The bill in this cause was filed to ob-

tain a decree for the specific performance of an agreement for a lease claimed to have been made by defendant with the plaintiff. The case was heard upon the pleadings and testimony taken in open court, and the learned circuit judge who heard the case filed a written opinion therein. In the absence of a proper statement of the facts of the case by counsel, we here insert the said opinion, to wit:

"In this case the complainant, being a saloon keeper, went into possession of certain property upon Grand River avenue as a tenant of the West Side Brewery Company, whose lease of the premises would expire April 30, 1914. In 1909 the complainant, accompanied by a Mr. Meyer, who is connected with the West Side Brewery Company, went to the office of Robert T. Teakle, the defendant. While there, they talked of an extension of the lease, and it is the contention of complainant that it was there agreed that if he made certain improvements, the lease would be extended until the year 1919. Subsequently, as a part of the general plan, he was to take over two additional buildings. Immediately following this conversation in 1909, the complainant made the improvements, and subsequently took possession of the two additional buildings and paid, and has paid, the rent specified for the two additional buildings. Later on, he importuned the defendant for a lease. The defendant, saying he was in a hurry, gave a writing to the complainant which is as follows:

"'DETROIT, MICH., July 17th, 1911.

"'Re Property 16th, Warren Ave., Grand River Ave.

"'Total rent of entire bldg. to April 30th, 1914, to be $117 per month. Total rent of building from 1914 to April 30th, 1919, to be $150 per month.          R. T. TEAKLE.

"'P. S. The $50.00 per month additional on present lease to commence when possession of two remaining stores is given.

"'R. T. T.

"'1042 Grand River,
"'1044    "        "
"'1002 16th St.'"

(This paper in the record is known as Exhibit 2.)

"It is the defendant's contention that this writing was a proposal made by him to the complainant, which was never accepted. He in like manner denies *in toto* the conversation concerning the extension of the lease and the improvements to be made, which would justify the extension. From May, 1910, the complainant went into possession of the two additional buildings, and from that time to the time of the institution of this suit has been paying the rent that was specified in the conversation, as well as in the writing given by the defendant. A question of fact being at issue, I have read all of the testimony given at the trial, and have reached this conclusion:

"The conversation and consequent agreement contended for by complainant is corroborated by Mr. Meyer. The possession of the additional buildings and the payment of the rent by the complainant is a corroborating circumstance, which leads me to find the facts to be practically as the complainant has said they were. Mr. Meyer's presence when Exhibit 2 was prepared is admitted, but his version of the conversation had at this time differs from defendant's, and the defendant does not deny this, as he denied the conversation concerning the repairs, and the extension of the lease in 1909.

"A part of the agreement between the parties having been performed, the matter is not within the statute of frauds, and complainant is entitled to a decree, with costs."

A decree was entered accordingly. An examination of the pleadings shows that the claimed oral agreement of 1909 was not set forth in the bill. No objection was made to the evidence tending to show this agreement, on the ground of a variance between the pleadings and the evidence, at the hearing, but the point is urged for the first time in this court. Had the objection, on the ground of variance, been made at the hearing it would have been competent to have permitted an amendment of the bill in that respect. Under our very liberal statute permitting amendments (section 12969, 5 How. Stat. [2d Ed.], 3 Comp.

Laws 1915, § 12478), the bill probably would have been amended.

The case seems to have been heard upon the merits, and the whole question of the verbal agreement claimed by the plaintiff was gone into and considered by the court, and no surprise was claimed or motion made to postpone the hearing. This court has said recently:

"Amendments as to matters germane to the case can be allowed at any time in chancery suits to conform with the proofs, protect the substantial, equitable rights of the parties, and secure the ends of justice— even in the appellate court." *City Bank & Trust Co.* v. *Hurd,* 179 Mich. 454, 464 (146 N. W. 299, 303), citing *Morrison* v. *Mayer,* 63 Mich. 238 (29 N. W. 698); *Babcock* v. *Twist,* 19 Mich. 516; *Seymour* v. *Long Dock Co.,* 17 N. J. Eq. 169.

Under such circumstances, technical rules of pleading and practice should not be applied in the appellate court, where it appears that a case has been fully heard upon its merits in the court below. We do not think that the decree should be disturbed on this ground.

Upon the merits of the case there was evidence on behalf of plaintiff that after the verbal arrangement with defendant claimed by him he expended over $2,500 in improvements upon the saloon and fixtures. Plaintiff testified that defendant said to him:

"Go ahead and do the repairing. As long as you don't tear down the four walls, you can do all the repairing you like, and I will give you an extension of the lease."

An examination of the record satisfies us that upon the questions of fact the plaintiff sustained the burden of proof. He took possession of the other building—really a part of the same block—and paid the rent. We are of the opinion that the facts and circumstances tend strongly to corroborate the claim of the plaintiff, and that there was such performance of

the oral agreement of 1909 (which really terminated in the making of Exhibit 2) as to satisfy section 11397, 4 How. Stat. (2d Ed.), 3 Comp. Laws 1915, § 11979, which reads as follows:

"Nothing in this chapter contained shall be construed to abridge the powers of the court of chancery to compel the specific performance of agreements, in cases of part performance of such agreement."

See cases cited in note to this section.

It is not necessary to decide whether or not Exhibit 2 satisfies section 11395, 4 How. Stat. (2d Ed.), 3 Comp. Laws 1915, § 11977, although we think it was made in recognition of the oral agreement of 1909. It appears that there was a motion for a rehearing. While this case was pending the plaintiff rented or sublet one of the store buildings in question and basement, and in the written lease or agreement he stated:

"However, it is understood that I have no lease, but this agreement holds good as long as this property is in my hands."

This paper coming to the attention of the defendant, it was claimed to be newly-discovered evidence, and was made the basis of the motion. A counter affidavit was made by plaintiff in which he stated that the reason why he inserted said clause in the agreement was the fact that he was in litigation with defendant over the matter of lease, and that he inserted the clause as a matter of precaution. The motion for a rehearing was denied, and we think properly so. There was no merit in the point; the evidence would have been merely cumulative, and as the court said in refusing the motion:

"In the present case the tenants have been in possession and openly conducting business on the premises since its date. The inquiry which brought it to light if made while the trial was in progress would have been just as effective as it was when made. I can see

no good reason for reopening the case to admit this incident, and the prayer of the petition will be denied."

We are of opinion that the learned circuit judge reached the correct conclusion, and the decree below is affirmed, with costs to plaintiff.

KUHN, C. J., and OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.