### FOWLER v. ISBELL.

SPECIFIC PERFORMANCE—REAL ESTATE—PAROL CONTRACTS—PART PERFORMANCE.

On a bill by a daughter against her father for the specific performance of an oral contract to convey to plaintiff a house and lot, where the record shows that plaintiff has performed on her part, under authority of section 11979, 3 Comp. Laws 1915, the decree of the court below awarding specific performance will be affirmed.

Appeal from Washtenaw; Sample, J. Submitted June 12, 1918. (Docket No. 96.) Decided July 18, 1918.

Bill by Flora Fowler against Charles B. Isbell and another for the specific performance of a land contract. From a decree for plaintiff, defendants appeal. Affirmed.

*Floyd E. Daggett,* for plaintiff.

*John P. Kirk,* for defendants.

See note in 8 L. R. A. (N. S.) 870.

BROOKE, J.  Bill for specific performance.  Plaintiff is the daughter of defendant.  She is the mother of three children, all of whom are married.  She lives with her husband.  Defendant is 86 years of age, a widower, and has two children living besides plaintiff.  He had lived for upwards of 50 years on a farm near Saline.  Plaintiff and her husband resided in Ypsilanti.  In June, 1911, he purchased a house and lot in Ypsilanti, paying therefor the sum of $3,500, and permitted the plaintiff and her family to go into possession thereof.  The parties are in agreement upon the following facts:  That defendant was to purchase and pay for the house in question; that plaintiff was to be permitted to occupy it, paying him five per cent. interest on the amount of the investment as well as taxes, insurance, and repairs.  It is plaintiff's contention that her father agreed to execute a deed of said premises to her to be placed in escrow beyond the reach of either of them, but deliverable to her at his death.  This defendant denies.  He says he never agreed to deed the property to her, but that in the fall of 1911 he actually did make a deed from himself to her covering the premises and left it with a Mr. Curtis for delivery to her at his death.  The deed remained on deposit at the Citizens' Bank at Saline from September, 1911, until 1914 or 1915, when defendant called for it, secured possession of it and destroyed it.  He had been rooming and boarding with his daughter for some time but finally such differences arose between them that he ceased to board with her although he continued to room in the house up to the time of the trial.  After the destruction of the deed and in May, 1917, defendant sold the place on land contract to a Mr. Wilber for $4,700 and Mr. Wilber advertised it for sale.  Speaking of this contract, defendant testified:

"It was not a *bona fide* contract, but he has paid enough to bind the bargain."

At this time plaintiff had been in possession of the premises nearly six years, had expended several hundred dollars thereon for repairs and had paid taxes and insurance thereon in accordance with the agreement. She had likewise paid to her father the interest agreed upon until the trouble arose. The question presented is whether the defendant shall be compelled now to execute a deed to plaintiff to become operative at his death, conditioned upon her carrying out the contract so far as its terms impose duties or obligations upon her.

The learned circuit judge who heard and saw the witnesses entered a decree compelling defendant to execute said deed upon the condition that plaintiff pay to him five per cent. per annum upon the sum of $3,500; that she keep the dwelling house insured in the name of the defendant in the sum of $2,500, and pay all taxes within 30 days and keep said dwelling house in good repair.

After a careful examination of this record we are disposed to conclude that the learned circuit judge reached a proper result. The statute, 3 Comp. Laws 1915, § 11979, authorizes specific performance in case there has been part performance of an oral agreement. We have no doubt that the agreement as recited by plaintiff and her witnesses was made and that there has been such performance on her part as to warrant the court in ordering specific performance thereof. *Friend* v. *Smith,* 191 Mich. 99, and cases cited therein.

The decree of the court below is in all things affirmed, but without costs.

Ostrander, C. J., and Bird, Moore, Steere, Fellows, Stone, and Kuhn, JJ., concurred.