### LOSEY v. HUTCHINSON.

SPECIFIC PERFORMANCE—ORAL AGREEMENT FOR LEASE—PART PERFORMANCE—FRAUDS, STATUTE OF.

On a bill for the specific performance of an agreement to make a written lease for three years, testimony by plaintiffs that, in pursuance of said agreement, they went into possession of said premises, paid the stipulated rent in advance, and, on defendant's refusal to make certain agreed repairs, made them themselves at a cost of approximately $200, *held*, sufficient part performance to take the agreement out of the operation of the statute of frauds and to entitle plaintiffs to a decree.

Appeal from Wayne; Webster (Arthur), J. Submitted January 14, 1920. (Docket No. 90.) Decided February 27, 1920.

Bill by Bert Losey and another against Laura T. Hutchinson for the specific performance of an oral lease. From an order granting a motion to dismiss, plaintiffs appeal. Reversed, and remanded.

*James H. Pound*, for plaintiffs.

*William O'Neill Kronner*, for defendant.

BIRD, J. The bill of complaint in this case which was filed on August 26, 1919, prays for specific per-

On part performance under parol lease to satisfy the statute of frauds, see note in 49 L. R. A. (N. S.) 113.

formance of an agreement to make a written lease for three years.  Defendant filed a motion, in the nature of a demurrer, to dismiss the bill.  The chancellor granted the motion and plaintiffs have appealed.  The issue presented to this court is whether, upon the face of the bill, sufficient appears by way of performance to take the agreement out of the operation of the statute of frauds.  In order to determine this the substance of the showing made in the bill will have to be considered.

It appears from the bill that plaintiffs are husband and wife, and that prior to October 15, 1918, they resided at 29 Maybury Grand Avenue, in the city of Detroit, where they conducted a rooming house and received considerable income therefrom.  That some time during the latter part of September or the fore part of October, 1918, Alice Whelan, a mutual friend of the parties, was sent by defendant to plaintiffs to induce them to lease a certain dwelling which she owned at 376 Military avenue at a rental of $50 a month.  After some negotiations, in which plaintiffs refused to lease by the month, plaintiffs submitted the proposition to defendant that they would abandon the house in which they were living, and take a lease of her house from the 10th day of October, 1918, for a term of three years, on condition that she would make certain repairs in and about the house.  These repairs were specified in the offer.  This proposition was accepted by the defendant on condition that they pay $50 a month and make the payments in advance.

It is further shown that in pursuance of this agreement plaintiffs moved into and took possession of defendant's premises on the 10th day of October, 1918, and that they have ever since paid $50 a month in advance, in accordance with their said agreement, but that defendant has refused and neglected to make the repairs in and about said house, and that after wait-

ing some considerable time for her to comply with her agreement in that regard, they made the repairs themselves at an expenditure of approximately $200. That they have repeatedly requested her to execute and deliver to them the lease which she promised; that she has promised, on several occasions, that she would do so, but she has never fulfilled any of her said promises in this regard; that the said plaintiffs caused a lease to be prepared, embodying the terms agreed upon and tendered it to her for execution, but she refused to execute it. It is further charged in the bill that the reason why she refuses to execute it is because rents have advanced to that extent in the city of Detroit that she is now able to rent the premises for very much more than $50 a month, and that she has assigned that reason why she will not execute the lease. It is further shown that defendant threatens to eject the plaintiffs.

In discussing the enforcement of such contracts, it is said in 36 Cyc. p. 680, that:

"The doctrine of part performance applies to such contracts to lease premises or to renew a lease as fall within the statute of frauds, equally as well as to contracts of sale. Contracts to give a written lease therefore may be part performed by taking possession and paying rent, or by taking possession and making valuable improvements; or in England and in some of the United States by taking possession without further act."

And it is held in the following cases that possession and payment of rent are sufficient part performance to validate a parol lease for a term of years. *Seaman v. Ascherman,* 57 Wis. 547 (15 N. W. 788); *Clark v. Clark,* 49 Cal. 586; *Morrison v. Herrick,* 130 Ill. 631 (22 N. E. 537); *Dunckel v. Dunckel,* 141 N. Y. 427 (36 N. E. 405); *Spear v. Orendorf,* 26 Md. 37; Waterman on Specific Performance, § 275.

It is said by Taylor in his work on Landlord and Tenant that:

"As a general rule, also, the specific performance of an agreement for a lease will be ordered only when it is in writing, and conforms to the statute in all other respects; but it may be decreed, although not in writing, if it is fully set forth in the bill and confessed by the answer, or if it has been partly carried into execution by the performance of such acts as clearly appear to have been done with a view to the agreement being fully performed; or, under such circumstances as would manifestly operate as a fraud upon the other party unless the agreement should be so performed." 1 Taylor Landlord & Tenant (9th Ed.), § 49.

The case of *Eaton* v. *Whittacre*, 18 Conn. 222, is an interesting exposition of the application of the principle and supports the doctrine contended for by plaintiffs. The principle has also been followed and applied by this court in *Charlet* v. *Teakle*, 197 Mich. 426. In that case while the tenant was in possession of certain premises the landlord orally agreed to extend the lease, if the tenant would make certain improvements in the room he was occupying and lease the adjoining room. The tenant made the improvements and took possession of the adjoining room and paid the rent in accordance with the oral agreement. Upon the landlord's refusal to extend the lease the tenant filed his bill for specific performance of the oral agreement, and this court affirmed the holding of the trial court in which it decreed specific performance of the oral agreement.

We are of the opinion that the plaintiffs have stated a case in their bill which calls for equitable relief. Taking this view of it the order dismissing plaintiffs' bill must be reversed and the case remanded to the trial court for further proceedings thereon. Plaintiffs will recover their costs in both courts.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, CLARK, and SHARPE, JJ., concurred.