## WOODWORTH *v.* PORTER.

SPECIFIC PERFORMANCE — ORAL CONTRACT — EQUITY — PLEADING— SUFFICIENCY—DISMISSAL.

> Where the averments of plaintiff's bill for the specific performance of an oral contract which entitled him to a valuable farm, if supported by proofs, were sufficient to make a case, the court below properly denied defendants' motions to dismiss.

Appeal from Kent; McDonald (John S.), J. Submitted January 6, 1921. (Docket No. 69.) Decided March 30, 1921.

Bill by Irving Woodworth against Benjamin C. Porter, executor of the last will of Abby R. Burnham, deceased, and others for the specific performance of a land contract. From an order denying motions to dismiss, defendants appeal. Affirmed.

*Charles' E. Ward,* for plaintiff.

*Wykes & Averill,* for defendants.

MOORE, J. The bill of complaint was filed to specifically enforce an alleged parol contract covering a valuable farm and valuable personal property. The motions to dismiss the bill were interposed on behalf of the executor and also on behalf of certain devisees and legatees under the will of Mrs. Burnham. The executor also answered at length the averments of the bill of complaint. The motions to dismiss the bill of complaint were overruled. The case is now in this court upon an appeal from the order overruling the motions to dismiss.

Counsel contend the bill of complaint should be dismissed:

"1. That the alleged contract in its statement of essential details to be performed by plaintiff, is so vague, indefinite, general and incomplete, as not to represent a meeting of the minds of the parties, or as to be sufficient to form legal relations or to permit the court to say what the contract was, or whether it has been performed.

"2. That no contract enforceable by specific performance is alleged; that the general and loose terms of the alleged contract, if made out, would constitute simply an arrangement by which plaintiff was to continue his tenancy of the farm, to manage it, to make improvements consistent with the interests and legal rights of both parties, to treat the Burnhams as a son would treat them, with the possibility that his attention would be such as to win their regard so that at their death they might recompense him, if satisfied with his conduct.

"3. That, to say the most that can be said in favor of plaintiff's allegations, the contract left all material terms to agreement of the parties from time to time and was to be performed by plaintiff to the Burnhams' satisfaction, and that their dissatisfaction is conclusively expressed by so deeding and willing the property as to negative the idea of performance upon their part and to deny plaintiff's claims.

"4. That the agreement is void as not complying with the statute of frauds, there being no sufficient

allegation of part performance to take the case out of the statute.

"5. That the bill is without equity."

The defendants are descendants or heirs at law of Ira Y. Burnham and Abby R. Burnham, deceased, or legatees under the will of Abby R. Burnham, deceased.

The bill of complaint is very long. Its averments cover 28 printed pages of the record. It is not practicable to incorporate all of them in this opinion, for it would make it unduly long. Stated briefly, it is the claim of the plaintiff that he made an arrangement in the lifetime of the Burnhams which he carried out in full, running through a long series of years, which entitled him to the valuable farm in controversy, upon their deaths, and also that by reason of what he did he is entitled to the proceeds of sales of certain real estate made by the Burnhams in pursuance of an arrangement made between them and the plaintiff.

Without going into detail we shall content ourselves with saying that if the averments of the bill of complaint are supported by the proofs, a case would be made under the repeated rulings of this court, bringing the case within the equity jurisdiction of the court. Some of the cases are *Twiss* v. *George*, 33 Mich. 253; *Welch* v. *Whelpley*, 62 Mich. 15; *Taft* v. *Taft*, 59 Mich. 185; *Taft* v. *Taft*, 73 Mich. 502; *Ruch* v. *Ruch*, 159 Mich. 231; *Root* v. *Snyder*, 161 Mich. 200; *Howe* v. *Benedict*, 176 Mich. 522; *Charlet* v. *Teakle*, 197 Mich. 426.

The order overruling the motions to dismiss is affirmed, with costs to the appellee. The case is remanded to the court below for further proceedings.

STEERE, C. J., and WIEST, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.