BRADLEY v. MAY.

SPECIFIC PERFORMANCE—DISMISSAL—FRAUDS, STATUTE OF—ADEQUATE REMEDY AT LAW.

Defendant's motion in the nature of a demurrer to dismiss plaintiff's bill for the specific performance of an oral contract to pay them a commission for the leasing of certain real estate should have been granted since, if the statute of frauds (3 Comp. Laws 1915, § 11981, subd. 5) requiring agreements to pay a commission for the sale of real estate to be in writing has no application, plaintiffs have an adequate remedy at law on their claim of full and precise performance on their part for which an agreed money compensation was to be paid.

Appeal from Genesee; Black (Edward D.), J. Submitted May 3, 1921. (Docket No. 131.) Decided June 6, 1921.

Bill by George D. Bradley and others against Frederick E. May and others for the specific performance of a contract. From an order denying a motion to dismiss, defendants May appeal. Reversed, and bill dismissed.

*Withey & Freeman,* for plaintiffs.

*Parker & Wilber,* for defendants.

STEERE, C. J. Plaintiffs by a bill in chancery seek to compel specific performance of an alleged oral agreement by defendants May to pay them a commission of 3 per cent. of the total income received from a lease they had negotiated as brokers for defendants. Defendants made a motion in the nature of a demurrer to dismiss said bill, urging as a principal ground that the alleged contract was void under the statute of frauds, because not in writing as required by 3 Comp. Laws 1915, § 11981, subd. 5, also no question for equity jurisdiction is involved and plaintiffs have a complete and adequate remedy at law, if any. The trial court overruled said motion and defendants may appeal therefrom, having obtained permission as provided by statute.

The bill of complaint demurred to alleges that plaintiff George D. Bradley was engaged in the business of buying, selling, leasing, etc., real estate in the city of Flint, having associated with him as parties in interest plaintiffs Ellis Bradley and William L. Christner who were duly licensed to pursue the calling of real estate agents. The substance of the alleged oral contract for which specific per-

formance is asked is thus stated in paragraph 3 of the bill:

"That on or about said 19th day of January, the said plaintiffs, or some of them, learned that the defendants were desirous of selling or leasing certain real estate in said city of Flint, of which said defendants, Frederick E. and Minnie E. May, were in control, and which they assumed to own, and so far as plaintiffs know, are informed and believe, did and do own, viz., lot 16, block 18 of Oak Park subdivision of the city of Flint, according to the recorded plat thereof, which property was suitable for hotel and restaurant purposes; whereupon, the said plaintiffs, William L. Christner and Ellis Bradley, interviewed said defendant Frederick E. May, and ascertained that said defendants, Frederick E. and Minnie E. May, were desirous of either selling or renting said real estate; whereupon it was then and there agreed between said plaintiffs and said Frederick E. May that the plaintiffs might undertake the selling or leasing of said premises, and that if they secured a sale thereof, at $50,000, the plaintiffs should have 3 per cent. for their services, and if they secured a lease on said property for $500 per month, and sufficiently long to aggregate $60,000, that they should have 3 per cent. on that sum; that said defendants, Frederick E. and Minnie E. May, through said Frederick E. May, specifically agreed that they would pay said plaintiffs 3 per cent. if they procured a sale at $50,000, or 3 per cent. on $60,000 if they procured a lease of said property at $500 per month, and long enough so the aggregate rent would be $60,000."

The bill further alleges that in performance of said agreement plaintiffs found a lessee of the premises for a term of 10 years at a monthly rental of $500 per month, receiving thereon a payment down of $500, and afterwards had a written lease drawn up embodying the terms of the agreement which was signed by the parties and the deal consummated by putting the lessees in possession; that defendant Isadore Himmelhoch by subsequent assign-

ment became the lessee of said premises, is now in occupation of the same, paying the rents to defendants May according to the terms of the lease; that the first month's rent of $500 was kept by plaintiffs as part of their commission, $25 of which was paid by them to an attorney for drawing up the papers, but defendants May have since failed to perform on their part and refuse to pay any further commission to plaintiffs for their services in that connection. The bill asks in customary phraseology specific performance of said agreement to pay the 3 per cent. commission on the total income from said lease, and for a temporary injunction impounding the rent as paid.

Since the amendment of our statute of frauds in 1913, requiring that "every agreement, promise or contract to pay any commission for or upon the sale of any interest in real estate" must be in writing to be enforceable (3 Comp. Laws 1915, § 11981, subd. 5), its construction and application have several times been before this court. *Paul* v. *Graham,* 193 Mich. 447; *Slocum* v. *Smith,* 195 Mich. 281; *Cochran* v. *Staman,* 201 Mich. 630; *Greenberg* v. *Sakwinski,* 211 Mich. 498; *Webert* v. *Roberts,* 211 Mich. 692; *Purdy* v. *Law,* 212 Mich. 275.

In avoidance of the statute it is contended for plaintiffs that the contract relied upon by them is not an agreement for the sale of land or any interest therein, neither is it an agreement "for the leasing," but only "an agreement to procure a lease to be made in the future and that was done," for which reasons counsel state in their brief "it is axiomatic that we could recover at law."

It is also urged in support of this bill that the two remedies are concurrent under the facts in this case; that the equity proceeding affords a complete and immediate remedy in one suit, which is not available

in an action at law, and the statute cannot preclude plaintiffs from appealing to a court of chancery, because section 11979, 3 Comp. Laws 1915, leaves with the equity court jurisdiction to compel specific performance of agreements in cases of part performance thereof and there has been performance in this case, both by services rendered and part payment of compensation therefor, the agreement now being a fully executed contract on plaintiffs' part.

In any aspect of the case we think this bill for specific performance of an oral contract to pay a stated sum of money for services claimed to have been performed in full is demurrable. If, as counsel contend, the statute of frauds has no application to the transaction as stated in their bill, they have an adequate remedy at law and there is no impelling reason for equitable interference. Plaintiffs emphasize full and precise performance on their part, for which they claim an agreed money compensation. In other words, a liquidated indebtedness owing them which the debtors refuse to pay.

As distinguished from such a situation it is said in Waterman on Specific Performance, § 1:

"A main ground of the jurisdiction of courts of equity in specific performance, is that they are capable of affording relief not obtainable at law; the latter requiring the plaintiff to show precision, on his part, in complying with all the terms of the agreement; while the former sometimes relieve, notwithstanding defects or failure to perform at the day. So a court of equity, having regard to the substance of the agreement and the object and intention of the parties, will not permit terms that are not essential to be set up as a reason for refusing to fulfill."

If the statute does apply, the following reflections are pertinent:

"But the rule which requires a plaintiff to show a present subsisting right of action is equally regarded in

equity as at law. Although a court of equity will supply a remedy where none exists at law, yet it will not create a right of action where the law gives none." Waterman on Specific Performance, § 13.

"Demands for commissions by real estate brokers are not usually made or pressed until the contract is performed. This being so, a recovery could be had, in nearly every instance, either at the contract price or under the *quantum meruit*. In order to give the act the effect which the legislature evidently intended it should have, we have decided to hold that no recovery can be had under this section unless the agreement therefor is in writing. This is in accord with the holding of other courts which have construed similar statutes." *Paul* v. *Graham*, 193 Mich. 447.

The decree overruling defendants' motion in the nature of a demurrer is reversed, and plaintiffs' bill dismissed with costs.

MOORE, WIEST, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.