WILLARD v. SHEKELL.

1. APPEAL AND ERROR—SPECIFIC PERFORMANCE — SUPREME COURT HEARS CASE DE NOVO—LEGAL OBJECTIONS CONSIDERED ON APPEAL. On appeal from the decree in favor of defendants in a suit against the administrator of deceased's estate and others, for the specific performance of a contract whereby plaintiff was to receive all of the property of deceased

and her husband in return for caring for them until the death of the survivor, the Supreme Court hears the case *de novo* and must consider all legal objections made by defendants in the court below to plaintiff's right to relief in this suit.[1]

2. FRAUDS, STATUTE OF—ORAL AGREEMENT TO CONVEY LAND VOID —PART PERFORMANCE—EQUITY—JURISDICTION.

Although oral agreements to convey land are void under the statute of frauds (3 Comp. Laws 1915, § 11977), yet, under section 11979, a court of equity has power to compel the specific performance of agreements in cases of part performance thereof.[2]

3. SAME—PAYMENT OF MONEY ALONE INSUFFICIENT TO TAKE CASE OUT OF STATUTE—DAMAGES.

The payment of money alone is not such part performance as takes the case out of the statute of frauds, nor is it taken out where there is a standard for definitely measuring the plaintiff's damages in money.[3]

4. SAME—POSSESSION NOT NECESSARY ELEMENT OF PERFORMANCE.

Possession of the property by plaintiff is not a necessary element of performance required to take the case out of the statute.[4]

5. SPECIFIC PERFORMANCE—PERFORMANCE OF SERVICES UNDER CONTRACT—NATURE OF SERVICES MAY AUTHORIZE SPECIFIC PERFORMANCE.

Where the services contracted for under an oral agreement are such as are usually performed by a child, their performance necessarily changed the tenor of plaintiff's life, their market value is not readily ascertainable, and they were satisfactorily and fully performed, a court of equity has jurisdiction to decree specific performance.[5]

6. ELECTION OF REMEDIES—CLAIM UNDER WILL NO BAR TO SUIT FOR SPECIFIC PERFORMANCE.

An attempt by plaintiff to probate deceased's will, made to comply with an oral contract giving him deceased's property in return for services performed, which failed because the will had been lost and plaintiff, who was the only one who knew its contents, was unable to establish it by two reputable witnesses (3 Comp. Laws 1915, §

[1]Appeal and Error, 4 C. J. §§ 2647, 2651; [2]Frauds, Statute of, 27 C. J. § 129; Specific Performances, 36 Cyc. p. 648; [3]Id., 36 Cyc. pp. 644, 650; [4]Id., 36 Cyc. p. 654 (Anno); [5]Id., 36 Cyc. p. 673; 44 L. R. A. (N. S.) 733; 25 R. C. L. 307 *et seq.*

13788), was not such an election of remedies as estopped him from maintaining suit for specific performance.[6]

7. SAME—CLAIM AGAINST ESTATE NOT INCONSISTENT WITH CLAIM UNDER CONTRACT.

The filing of a petition by plaintiff to revive the commission on claims against deceased's estate, accompanied by an itemized statement of services performed for deceased alone, without restating plaintiff's claim under the contract in question, already on file in the probate court, which petition was granted, but no meeting of the commission was ever held, and the claim was soon afterward withdrawn without being passed upon, was not an election of remedy barring the present suit for specific performance of the contract; the claim not being inconsistent with the claim under the contract.[7]

8. SAME—ESTOPPEL — REMEDIES MUST BE INCONSISTENT TO BAR SECOND CASE.

To constitute an election of remedies so as to estop plaintiff from proceeding in the second case, the remedies must be inconsistent.[8]

9. SAME—AFFIRMATIVE DEFENSE—BURDEN OF PROOF.

The defense of election of remedies is an affirmative defense, and the burden is upon the defendants to establish it.[9]

10. EXECUTORS AND ADMINISTRATORS — LIABILITY OF ADMINISTRATOR ACTING IN GOOD FAITH.

Where, before the bill in this suit was filed, the administrator of deceased's estate in good faith made partial distribution thereof, he is not held chargeable to plaintiff with the amount so distributed, on entering decree awarding him deceased's property under the contract.[10]

Appeal from Jackson; Parkinson (James A.), J. Submitted June 24, 1926. (Docket No. 15.) Decided October 4, 1926.

Bill by Fitch Willard against John E. Shekell, administrator of the estate of Annis Campbell, deceased, George W. Stevens, Marvin Raymond and others for the specific performance of a land contract. From a

[6]Election of Remedies, 20 C. J. § 17; [7]Id., 30 C. J. §§ 18, 20;[8]Id., 20 C. J. § 18; [9]Id., 20 C. J. § 32; Evidence, 22 C. J. § 16; [10]Executors and Administrators, 24 C. J. § 1334.

decree dismissing the bill, plaintiff appeals. Reversed, and decree entered for plaintiff.

*Charles F. Haight, R. L. Newnham,* and *E. C. Shields,* for plaintiff.

*John E. Shekell, in pro. per.*

*Cobb, Bisbee & Wilson,* for defendant Stevens *et al.*

*Badgley & Badgley* for defendant Raymond *et al.*

FELLOWS, J.    Decedent, Annis Campbell, was the widow of John D. Campbell.    They had no children and no near relatives.    They accumulated a comfortable property, some being valuable store property in Jackson.    The proof is convincing that for many, many years plaintiff, now past 60, assisted them in the management of their property and attended to their wants and needs as a son would do, both in sickness and in health.    The bill alleges that these services commenced when he was but 15 years old, but the proof does not go back so far.    It is the claim of plaintiff that these services were performed under a definite and distinct agreement with the Campbells during the lifetime of both and with Annis after the death of John, that if he would perform them faithfully until the death of the survivor their property should go to him.    The proof is likewise convincing that such was the agreement.    John so stated to his friends in his lifetime and when on his deathbed and after he was advised by his physician that he had but a short time to live he sent for plaintiff and insisted that plaintiff should take care of Annis; that she was to have whatever she wanted but that plaintiff should have the remainder after her death; and that Annis acquiesced in this. John died December, 1921, and the proof is likewise convincing that thereafter plaintiff continued to look after the property which in the main came to her by survivorship and bestowed upon her the care and at-

tention such as a child would give and that she always, after the death of her husband, recognized her obligation under the contract. All this is established by the testimony of disinterested witnesses. It is also established, and beyond cavil, that, after the death of John, Annis did make a will in which she gave to plaintiff substantially all her property. This will was deposited in the office of the judge of probate of the county. Not very long before she died the will was surrendered on her order but if the testimony of her physician is to be believed, and we have no reason to doubt its truthfulness, she was at that time in a mental condition unfitting her to transact business. The testimony of a woman who many years before had worked for the Campbells and who had continued her friendly relations with them shows that the will was brought to and given Annis by one of the defendants named Stevens, a distant relative who in her last illness manifested some interest in her. And the same witness testifies that the will was thereafter taken by Stevens from her person. The will was never found. Stevens, although in court, did not dispute this testimony. Indeed, no testimony was introduced on behalf of defendants and that given in behalf of plaintiff is not only convincing but it is undisputed. Our conclusions on the facts are in accord with those of the trial judge who found that the agreement was made, that plaintiff had fully performed, and that the services were of a character not easily measurable in money. He, however, sustained one of defendants' legal objections to the right of plaintiff to maintain this bill for specific performance. As we hear the case *de novo*, we must consider all legal objections made by defendants in the court below to the right of plaintiff to relief in this action.

An oral agreement to convey land (and the bulk of the property here involved is real estate) is void under the statute of frauds (3 Comp. Laws 1915, § 11977),

which has been given effect by this court in cases too numerous to cite.    But—

"Nothing in this chapter contained shall be construed to abridge the powers of the court of chancery to compel the specific performance of agreements, in cases of part performance of such agreements."    3 Comp. Laws 1915, § 11979.

The question before us is whether upon the facts established by this record which shows full performance by plaintiff a court of equity will under the last cited statute grant specific performance.    Numerous cases which need not be cited hold that the payment of money alone is not such performance as takes the case out of the statute of frauds.    Other cases hold that the case is not taken out of the statute where there is a standard for definitely measuring the plaintiff's damages in money.    Illustrative of this class are *Webster* v. *Gray*, 37 Mich. 37, and *Bradley* v. *May*, 214 Mich. 194.    Numerous cases are found in our reports where possession has been taken of the property by the plaintiff; indeed, such cases are so numerous as to lead defendants' counsel to suggest that possession is a necessary element of performance.    But in the early case of *Lamb* v. *Hinman*, 46 Mich. 112, this court had occasion to pass on that question.    It was claimed in that case that plaintiff's possession was subordinate to that of his father.    In considering the question Mr. Justice COOLEY, speaking for the court, said:

"The reason why taking possession under an oral contract is recognized as a ground for specific performance when payment of the purchase price is not, is that in one case there is no standard for the estimate of damages when the contract is repudiated, and in the other there is a standard that is definite and certain.    A purchaser who takes possession of land under an oral purchase is likely in so doing to change very considerably—perhaps wholly—the general course of his life as previously planned by him; and if he is evicted on a repudiation of the contract, any estimate

of his loss by others must, in many cases, be mere guess-work. The rule, therefore, rests upon the element of uncertainty, and not upon any technical ground of exclusiveness in the possession."

The services contemplated by the agreement of the parties and which were performed by plaintiff were not simply those of a chore boy, of a nurse, of a hired man, of a clerk. They were such services as are usually performed by a child; not such services as are obtainable at employment agencies, or which have a readily ascertainable market value. The tenor of his life was necessarily changed by the assumption by him of his obligations under the contract and their performance and the record contains no plaint from either of the Campbells that he did not yield to them the ministrations of a child on any and all occasions. We are satisfied a court of equity has jurisdiction. *Twiss* v. *George,* 33 Mich. 253; *Lamb* v. *Hinman, supra; Putnam* v. *Tinkler,* 83 Mich. 628; *Bird* v. *Pope,* 73 Mich. 483; *Carmichael* v. *Carmichael,* 72 Mich. 76 (1 L. R. A. 596, 16 Am. St. Rep. 528) ; *Howe* v. *Benedict,* 176 Mich. 522; *Fowler* v. *Isbell,* 202 Mich. 572; *Lyle* v. *Munson,* 213 Mich. 250; *Woodworth* v. *Porter,* 213 Mich. 341; 224 Mich. 470; *Charlet* v. *Teakle,* 197 Mich. 426; *Jones* v. *Ireland,* 225 Mich. 467; *Lugauer* v. *Husted,* 228 Mich. 76; *Bassett* v. *Publication Society,* 215 Mich. 126 (15 A. L. R. 213).

After the death of Mrs. Campbell, plaintiff filed in probate court a petition to admit her will to probate. In his petition he alleged his contract and its performance on his part substantially as alleged in the bill in the instant case, and alleged that the will was made to carry out the obligation of deceased and that it had never been legally revoked or destroyed. This will was drawn by one Reynolds. Upon the trial of the case in the circuit it developed that he was the only one who knew the contents of the will, and, under section 13788, 3 Comp. Laws 1915, the court held that,

not being able to establish its contents by the testimony of at least two reputable witnesses, plaintiff must fail, and for this reason alone refused to admit the will to probate.   This was not such an election of remedies as estopped plaintiff from maintaining the present case.   *Stamp* v. *Banninga,* 221 Mich. 268; *Spencer* v. *Spencer,* 25 R. I. 239 (55 Atl. 637).

After the disallowance of the will plaintiff filed a petition to revive the commission on claims, and accompanied this petition with an itemized statement of services performed for Annis alone.   The petition was sufficient in form to comply with the statute and did not restate plaintiff's claim that he had a contract with deceased and her husband which he had performed. But as already noted such claim of contract relations was already on file in the probate court and it was doubtless thought by his counsel unnecessary to reiterate it.   An order was made reviving the commission on claims but no meeting of the commissioners was ever held, nor was plaintiff's claim ever considered, and shortly after plaintiff withdrew it.   It was and is insisted that the filing of this petition and such proceedings as were had upon it was an election of remedies and estopped plaintiff from maintaining this bill.   It was on this ground that plaintiff's bill was dismissed.

Counsel have furnished a wealth of authorities from this and other States dealing with the question of election of remedies, all of which have been examined, but as we have reached the conclusion that the remedies pursued, or attempted to be pursued, were not inconsistent it will not be necessary to discuss all or any considerable number of them.   Nor for the same reason will it become necessary for us to determine upon the question of how far a plaintiff must proceed in a case before the doctrine of estoppel by election applies, whether the earlier cases in this court of which doubtless *Nield* v. *Burton,* 49 Mich. 53, goes further

than any other, have been modified by the later holdings of this court, of which *Mintz* v. *Jacobs,* 163 Mich. 280; *Humiston, Keeling & Co.* v. *Bridgman,* 195 Mich. 82; *Selznick Enterprises* v. *Garson Productions,* 202 Mich. 111, are illustrative.

To constitute an election of remedies so as to estop the plaintiff from proceeding in the second case, the remedies must be inconsistent, as sometimes said, the asserting of one claim negatives the assertion of the other. Thus one who sues in assumpsit for the recovery of the purchase price of an article may not thereafter sue in trover on the theory that title to the article is in him; nor may one who has rescinded a contract on the ground of fraud afterwards maintain an action on the contract. In each of these cases suggested the assertion of one claim repudiates the other claim. The defense of election of remedies is an affirmative defense (*Bryant* v. *Kenyon,* 123 Mich. 151), and the burden is upon the defendants to establish it. We are not persuaded that this record establishes that the plaintiff has asserted inconsistent claims or that he has instituted inconsistent proceedings; on the contrary we conclude that they were consistent. Plaintiff did not in his petition for the revival of the commission on claims set up his contract. The statute (3 Comp. Laws 1915, § 13870) does not require him to detail his claim. But there was then on file in the probate court, as we have already noted, a full and complete statement, sworn to by plaintiff, setting up his claim of the contract and its performance substantially as alleged in the bill in this case. It was before the court and we do not think plaintiff was bound to reiterate it in the petition then filed or at his peril be held to have repudiated or abandoned it. Claims presented to commissioners are usually informal and under even an informal claim the plaintiff may introduce evidence establishing such a contract as is here involved for the purpose of showing

that the services were not performed gratuitously, that they were performed under an agreement that they were to be compensated for. *In re Williams' Estate,* 106 Mich. 490, and authorities there cited. From all that was before the probate judge it fairly appears that plaintiff was relying upon his contract, at least it can not be successfully claimed that it affirmatively appeared that he had repudiated, abandoned, or waived it.

*Connihan* v. *Thompson,* 111 Mass. 270, was a bill for specific performance of a contract. Before filing the bill an action had been brought at law for damages for its breach and it was urged that this was an election of remedies. Speaking through Mr. Justice Wells, it was said:

"It is contended that, by commencing an action at law in which the land in question was specifically attached, the plaintiff waived his remedy in equity. But the remedy in equity, by compelling specific performance, and that at law in damages for the breach, are both in affirmance of the contract. They are alternative remedies, but not inconsistent; and remedy in both forms might be sought in one and the same action. If the plaintiff institutes separate actions, he cannot carry both to judgment and satisfaction. He may be compelled, by order of the court, at any stage of the proceedings, to elect which he will further prosecute. *Livingstone* v. *Kane,* 3 Johns. Ch. (N. Y.) 224; *Rogers* v. *Vosburgh,* 4 Johns. Ch. (N. Y.) 84. But the mere commencement or pendency of one will not bar the other, or defeat the action. 1 Chit. Pl. (6th Am. Ed.) 243."

And the same court in *Nashua Savings Bank* v. *Abbott,* 181 Mass. 531 (63 N. E. 1058, 92 Am. St. Rep. 430), held that the filing of claim before the commissioners did not bar proceedings in equity to establish an equitable interest in a seat in the stock exchange held in the estate.

*Balleisen* v. *Schiff,* 121 N. Y. App. Div. 285 (105 N. Y. Supp. 692), was a bill for specific performance

which it was claimed was barred by an election of remedies.     It was there said:

"The respondent contends that upon the breach by the defendant the plaintiff had his election of two inconsistent remedies, to wit, (*a*) an action at law for damages for the breach of contract; (*b*) an action in equity for specific performance, and that the election, once made, was irrevocable, and waived the defendant's default.     The difficulty with this argument arises from the fact that the action for specific performance and the action for damages are both based on the contract, and the defendant's default.     They are, therefore, not inconsistent."

See, also, *Otto* v. *Young*, 227 Mo. 193 (127 S. W. 9); *Farmers' & Merchants' Bank* v. *Wood Bros. & Co.*, 143 Iowa, 635 (118 N. W. 282, 120 N. W. 625).

It follows from what has been said that the decree must be reversed and one here entered in conformity with this opinion.     We should note, however, that before this bill was filed the administrator made partial distribution of the estate.     It is conceded by plaintiff's counsel that in so doing the administrator acted in perfect good faith.     He will not be chargeable to plaintiff with the amount so distributed.     Plaintiff will have costs of both courts.

BIRD, C. J., and SHARPE, SNOW, STEERE, WIEST, CLARK, and McDONALD, JJ., concurred.