## TAFOYA v. ENCISO.

1. SPECIFIC PERFORMANCE—DEFINITENESS OF AGREEMENT.

 Owners' agreement to lease premises to a plaintiff and any part-
 ner of his choice, for a term of 5 or 10 years, at option of the
 partners, at a rental of $60 per month payable monthly in ad-
 vance if the partners would purchase the grocery business then
 being conducted thereon by a tenant of the owners was suf-
 ficiently definite as to term of lease, parties, rental and prop-
 erty involved to be specifically enforceable.

2. FRAUDS, STATUTE OF—PART PERFORMANCE—FRAUD.

 If one party to an oral contract, in reliance upon the contract,
 has performed his obligation thereunder so that it would be a
 fraud upon him to allow the other party to repudiate the con-
 tract, by interposing the statute of frauds, equity will regard
 the contract as removed from the operation of the statute
 (3 Comp. Laws 1929, § 13415).

3. SPECIFIC PERFORMANCE—FRAUDS, STATUTE OF—PART PERFORM-
 ANCE—LEASE FOR MORE THAN 1 YEAR.

 Where defendants orally offered to lease premises to plaintiff
 partners for term of 5 or 10 years at option of lessees at a
 rental of $60 per month payable monthly in advance if the
 partners would purchase the grocery business then being con-
 ducted therein by defendants' tenant and plaintiffs purchased
 the grocery business, paid the rent in advance and remodeled
 the store at considerable expense, there was such performance
 of the oral agreement as to satisfy the statute of frauds
 (3 Comp. Laws 1929, § 13415).

4. COSTS—BRIEFS ON APPEAL.

 No costs are awarded to plaintiffs upon affirmance of decree in
 their favor where they filed no brief on appeal.

Appeal from Saginaw; Holland (Robert T.), J.
Submitted April 10, 1947. (Docket No. 45, Calendar
No. 43,682.)  Decided May 16, 1947.

Effect of part performance of oral contract to convey land on right
to specific performance, see 1 Restatement, Contracts, § 197.

Bill by Charles Tafoya and Frank Murillo against Joseph Enciso and wife for specific performance of an agreement to lease. Decree for plaintiffs. Defendants appeal. Affirmed.

*David E. McLaughlin* (*Joseph J. Mainolfi,* of counsel), for defendants.

DETHMERS, J. This is a suit for specific performance of an oral agreement to lease. The plaintiff, Frank Murillo, claims that on July 24, 1945, defendants made him an oral offer to lease the premises in question to him and any partner of his choice, for a term of 5 or 10 years, at plaintiffs' option, at a rental of $60 per month payable monthly in advance, if said plaintiff and such partner would purchase the grocery business then being conducted therein by a tenant of defendants'; that in reliance on such offer plaintiff Murillo persuaded plaintiff Tafoya to join him in the undertaking and they bought the grocery business on July 25th for $3,500, took possession on July 26th, paid defendants $60 rent in advance on August 6th, the previous tenant having paid up to that date, paid a like amount in advance monthly thereafter, and, after taking possession, with defendants' consent, remodeled the store at considerable expense to themselves; that plaintiffs have frequently asked defendants to give them a lease for five years as agreed, but that defendants have refused so to do. Defendants deny the agreement *in toto.* The findings of fact of the trial court are in accord with the claims of the plaintiffs, and an examination of the record convinces us of the correctness of those findings. From a decree for specific performance defendants appeal.

The questions involved on appeal, as stated in defendants' brief, are:

1. "Can there be an oral contract for lease outside the statute of frauds, where the terms are indefinite, the personnel of the parties is indefinite, there is no fixed time for the continuation of the lease, and the entire transaction is unilateral and not binding on the parties who are plaintiffs in this suit?"

2. "Does an entry into possession as assignee or permittee of former tenant ripen into partial performance of an alleged oral contract without consent or affirmative action on part of owner of realty?"

We think the agreement sufficiently definite as to the term of the lease, parties, rental and property involved to be enforceable. When defendants' offer was relied upon and accepted by plaintiffs, it became a mutually binding agreement. The premise of defendants' second question is not supported by the record. Plaintiffs entered into possession by reason of, and in reliance upon, defendants' offer and as their tenants.

The trial court properly based its decision on the authority of *Losey* v. *Hutchinson*, 209 Mich. 318. The situation presented in that case is concisely stated in the syllabus, as follows:

"On a bill for the specific performance of an agreement to make a written lease for three years, testimony by plaintiffs that, in pursuance of said agreement, they went into possession of said premises, paid the stipulated rent in advance, and, on defendant's refusal to make certain agreed repairs, made them themselves at a cost of approximately $200, *held*, sufficient part performance to take the agreement out of the operation of the statute of frauds and to entitle plaintiffs to a decree."

In that case the Court, in commenting on the case of *Charlet* v. *Teakle*, 197 Mich. 426, said:

"In that case while the tenant was in possession of certain premises the landlord orally agreed to extend the lease, if the tenant would make certain improvements in the room he was occupying and lease the adjoining room. The tenant made the improvements and took possession of the adjoining room and paid the rent in accordance with the oral agreement. Upon the landlord's refusal to extend the lease the tenant filed his bill for specific performance of the oral agreement, and this Court affirmed the holding of the trial court in which it decreed specific performance of the oral agreement."

In the *Charlet Case* the Court found that there was such performance of the oral agreement as to satisfy 3 Comp. Laws 1915, § 11979, which is identical to 3 Comp. Laws 1929, § 13415 (Stat. Ann. § 26.910) and which provides, as to the statute of frauds, as follows:

"Nothing in this chapter contained shall be construed to abridge the powers of the court of chancery to compel the specific performance of agreements, in cases of part performance of such agreements."

The rule applicable is well stated in the case of *Guzorek* v. *Williams,* 300 Mich. 633, 638, 639, as follows:

"If one party to an oral contract, in reliance upon the contract, has performed his obligation thereunder so that it would be a fraud upon him to allow the other party to repudiate the contract, by interposing the statute, equity will regard the contract as removed from the operation of the statute. See *Lyle* v. *Munson,* 213 Mich. 250; *Sage* v. *Sage,* 230 Mich. 477; *Woods* v. *Johnson,* 266 Mich. 172; *Policha* v. *Voss,* 292 Mich. 494."

We believe there was such performance of the oral agreement by plaintiffs as to satisfy the stat-

ute (3 Comp. Laws 1929, § 13415 [Stat. Ann. § 26.910]) and entitle plaintiffs to specific performance.

Decree affirmed, but without costs in this Court inasmuch as plaintiffs have filed no brief on appeal.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, BOYLES, REID, and NORTH, JJ., concurred.