## KUNDINGER *v.* KUNDINGER.

1. SPECIFIC PERFORMANCE — CONTRACT TO BEQUEATH — CLAIM
   AGAINST ESTATE—CONCURENT REMEDIES.

   The case of *McNamara* v. *Michigan Trust Co.*, 148 Mich. 346,
   sustaining the jurisdiction of the probate court to allow a claim
   against the estate of a deceased person for breach of a con-
   tract to bequeath, does not exclude the jurisdiction of equity
   to decree specific performance of such a contract.

2. SAME—PAROL CONTRACT—STATUTE OF FRAUDS.

   The statute of frauds presents no obstacle to decreeing specific
   performance of a parol contract to provide for divorced wife
   by will.

3. SAME—JURISDICTIÓN.

   Equity has jurisdiction to decree specific performance of an
   agreement to bequeath, other essentials of equity jurisdiction
   being present.

4. SAME—ADEQUATE REMEDY AT LAW—PROVISION FOR SUPPORT.

   The breach of an agreement to provide by will for complain-
   ant's adequate support during her lifetime cannot be ade-
   quately compensated by a payment of money, such a provis-
   ion being as safe for complainant as a spendthrift trust,
   whence specific performance may be decreed.

5. HUSBAND AND WIFE — CONTRACTS — COMPETENCY — DIVORCE —
   PROVISION FOR SUPPORT.

   Where a wife has been granted a divorce under such circum-
   stances that she is entitled to her dower interest in her hus-
   band's lands and provision for her support, the parties are
   competent to contract that, in consideration of her foregoing
   enforcement of her rights during his lifetime, he will make
   adequate provision by will for her support.

6. COURTS—JURISDICTION—PROBATE COURT—EQUITABLE TRUST.

   Where an estate is charged with an equitable trust for the
   support of a beneficiary, the probate court has not the juris-
   diction to determine the amount of money necessary to be
   used for that purpose.

7. SAME — TESTAMENTARY TRUSTS — ENFORCEMENT — JURISDICTION
   OF EQUITY—STATUTE.

   Act No. 253, Pub. Acts 1899, relates to the jurisdiction of pro-

bate courts over testamentary trusts and trustees, and is limited to carrying into effect provisions actually made by will; but if the jurisdiction were not so limited, and could be held to extend to the administration of a trust created by a contract to bequeath, such holding would not deprive the chancery court of concurrent jurisdiction, such jurisdiction being expressly preserved by section 46 of the act.

Appeal from Saginaw; Gage (William G.), J. Submitted November 18, 1907. (Docket No. 86.) Decided January 7, 1908.

Bill by Krescentzia Kundinger against Mary Kundinger, James A. Slocum, trustee, and others, for the specific performance of a contract. From an order overruling a demurrer to the bill, defendants appeal. Affirmed.

*F. L. Eaton (Eugene Wilber*, of counsel), for complainant.

*F. E. Emerick*, for defendants.

MONTGOMERY, J. This is a demurrer to a bill of complaint in chancery. The bill alleges that the complainant married Michael Kundinger in 1861, and had by him five children, all of whom are still living; that he left her in 1875, and that on the 15th of March, 1877, a decree of divorce was granted in complainant's favor, on the ground of defendant's adultery. The bill further states that on the granting of the decree of divorce she was entitled to a dower interest in his property by virtue of section 8639, 3 Comp. Laws; that during his lifetime, on various occasions, she importuned him for assistance, and he sent back word that, if she would refrain from bringing legal proceedings to enforce her rights and procure alimony, he would care for her after his death, and that on occasions when she sent to him for support he reiterated the statement that, if she would refrain from taking legal proceedings, he would take care of her and provide by will for her support after his death. The bill avers that she

relied on such promises, and did refrain from taking legal proceedings, and that he left an estate worth $45,000 or $50,000, which he undertook by will to confer upon defendant Slocum, in trust.  The prayer of the bill is for a specific performance of the alleged agreement to make adequate provision for complainant by will in consideration of her refraining to take legal proceedings to enforce her right of dower.  The demurrer presents the question whether a court of equity will entertain a bill for specific performance, under these circumstances.

It is contended on the part of the appellant that the remedy is by filing a claim in the probate court for the damages suffered by reason of the failure to perform the contract, and the recent case of *McNamara* v. *Michigan Trust Co.*, 148 Mich. 346, is cited in support of this contention.  That case is authority that the party situated as is the present complainant may file a claim in the probate court and recover damages by reason of the breach of the contract to provide for the support of claimant during her lifetime.  But it will be noted that the case does not present the question of whether the election of the claimant to another remedy, viz., that of specific performance of the contract, might not have been open.  It is to be noted that this case is not one to the prosecution of which the statute of frauds furnishes any bar, as was the case in *Grindling* v. *Rehyl*, 149 Mich. 641.

On the face of the bill a valid contract is stated.  The question is, then, whether adequate relief can be afforded by remanding the party to the probate court.  The probate court, it will be apparent, has no machinery by which to compel specific performance of the contract.  If, then, specific performance of such a contract is a proper remedy, it would seem that resort to equity is necessary.  It can be said at least that specific performance of a contract of this nature is not a new remedy for a breach.  The case of *Chubb* v. *Peckham*, 13 N. J. Eq. 207, sustains the jurisdiction of equity to decree specific performance.  The case of *Wright* v. *Tinsley*, 30 Mo. 389, is another case in

which an agreement to dispose of property in a particular way was enforced specifically. The case of *Rivers* v. *Rivers*, 4 Am. Dec. 609 (3 Des. Eq. [S. C.] 190), was another case in which such jurisdiction was entertained. Indeed, we think that the best of reasons can be urged for equity entertaining jurisdiction in such case. We are assuming now that such a contract exists, and that the wife has been by contract assured of an adequate support during her lifetime. This support would naturally come to her as needed. One of the chief values of such a contract to the complainant is that it removes any care or concern as to the future and assures the payment to the complainant of a sufficient amount for her support at the time when it is needed for that purpose. No provision in dollars and cents could quite as efficiently meet this requirement. The contract is as safe for complainant if specifically enforced and performed as would be a spendthrift trust. We think it was competent for the parties to contract in this manner, and it is competent for the court to enforce the agreement. That the probate court has not the jurisdiction to determine the amount needed for this purpose, if the estate was found to be charged with anything in the nature of an equitable trust, see *Hull* v. *Hull*, 122 Mich. 338, 149 Mich. 500. The case does not fall within Act No. 253 of the Public Acts of 1899, as that act relates to the jurisdiction of probate courts over testamentary trusts and trustees, and is limited to carrying into effect the provisions actually made by will. But even in such case, by section 46 of the act, the former jurisdiction of courts of chancery is preserved. The case of *Cole* v. *Cole's Estate*, 125 Mich. 655, rests upon this statute.

The decree will be affirmed, with costs, and the case remanded.

OSTRANDER, HOOKER, CARPENTER, and McALVAY, JJ., concurred.