Flora L. Berry
vs.                    Eq. No. 4086
Industrial Trust Company, Ex'r. et al.
March 2, 1918

BARROWS, J.  Heard on exceptions to amended answer of respondent Trust Company to the bill of complainant.

The bill seeks to enforce a claim analogous to a trust or specific performance of a contract against the estate of Rodolph L. Berry, deceased. The claim rests upon an agreement between Berry and complainant for valuable consideration. Berry agreed to provide in his will assurance that $75,000, par value, of stock of the Vesta Knitting Mills should be worth $75,000 in cash at the time of his decease. Such stock was held by the Trust Company in trust for complainant. The will was to contain a bequest to complainant of stocks, cash or property sufficient to cover the difference in value, if any, between $75,000 and the market value of the stock at Berry's death.

The bill alleges execution of irrevocable wills pursuant to said agreement; execution of a subsequent will by Berry in which he revoked the former will and failed to comply with said agreement; the probating of such subsequent will after Berry's death and that the respondent Trust Company is the executor of such will. The par value of the stock is much less than $75,000.

Complainant demands that respondents secure to her sufficient cash, stocks or property, in accordance with the above named contract, to amount with her stock to the value of $75,000. The bill asks that respondents be declared to be trustees of so much of the real and personal property passing under the terms of the probated will as would be required to secure for complainant the full benefit of such contract.

Respondent Trust Company, in its capacity as executor, avers in the portion of its answer to which exception is taken, first: that complainant presented no claim against the estate of said Berry in the Probate Court; second: that the estate of said Berry is insolvent and that the valid claims against said estate, which were filed within six months after publication of notice, largely exceeded the assets of said estate.

1. Whether the complainant should have filed her claim in the Probate Court depends upon the nature of her claim. If it were a claim for damages for breach of contract, it undoubtedly should have been so filed. The claim might have taken such a form but as presented in this bill, it is an equitable claim analogous to specific performance of a contract to

make a will. In spite of the breadth of language used in Hicks vs. Wilbur, 38 R. I. 268 at page 272, and Gilbert vs. Hayward, 37 R. I. 303, we do not believe that complainant was bound to file such a claim. Her position is that equity will treat as done that which ought to have been done and compel respondents to hold Berry's property subject to his legal obligation to perform his contract. Claimant is not seeking to be declared a creditor of the estate. She is not asking for money damages. Her claim is not one to which the various steps of disallowance, suit or reference to commissioners are applicable, as provided in Chap. 314, General Laws, as amended by Public Laws, Chap. 1260. The claim as made is cognizable only in equity.

Kindinger vs. Kindinger, 150 Mich. 630 (1908).

Posing as cestui que trust, claimant is seeking to impress a trust upon Berry's estate in the hands of the respondents, and the language used by our Supreme Court in Probate Court vs. Williams, 30 R. I. 144, at page 158, seems applicable. "The complainant proceeded as one claiming property held by the decedent in trust and it came into the hands of her personal representative impressed with the trust; in which case provisions of the probate law as to filing claims would not apply."

2 Schouler on Wills, Executors and Administrators, 5th ed. Sec. 1419.

Gunter vs. Jones, 9 Cal. 643, (1858).

Vandeever vs. Freeman, 20 Texas 333 (1857).

We desire it to be noted that we are not deciding whether complainant's bill shows her to be a cestui que trust. We are merely stating that she claims to be a cestui and not a creditor, and such a claim being equi-

114

table in its nature need not be filed in the Probate Court.

The exception to this portion of the answer is sustained.

2. The second exception can be sustained only if equity will decree specific performance of a valid contract to satisfy a possible shortage by means of a bequest of whatever amount of money or property may be needed from the testator's general estate, even though such estate may be insufficient to pay the testator's debts.

Contractors for testamentary disposition are recognized as enforceable against heirs, devisees, personal representatives or volunteers.

Spencer vs. Spencer, 25 R. I. 241.

Elliott on Contractors, Sec. 2325 and cases cited.

40 Cyc. 1070.

Beech's Modern Equity Jurisdiction, Par. 602

No authorities give such contracts priority over payment of debts so far as we have been able to find, and some of the cases distinctly show that debts have been paid or were to be paid prior to the carrying out of such a contract.

Day vs. Washburn, 76 N. H. 203 (1911).

Hooper vs. Hooper, 65 W. Va. 712 (1909).

Carroll vs. Swift, 9 Ind. App. 170 (1894).

Re Mallory, 13 Misc. N. Y. 595.

Same case, 35 N. Y. Supp. 155.

That the contract in the present instance was to be subject to the payment of debts is indicated by the second paragraph of the will. (Exhibit E), made by Berry pursuant to the agreement. That no specific property was set aside or was meant to be set aside during his lifetime to cover his guarantee is evident. The contract was to give complainant what, if anything, was necessary in cash or property to make up a deficiency. The

source of payment was to be in the testator's general estate. It seems to us that one who contracts for a bequest from the testator's general estate is chargeable with knowledge that debts are payable before such bequest. Equity has discretion in cases of specific performance.
..Ball vs. Milliken, 31 R. I. 36.

### 115

By analogy equity should exercise discretion in a case like the one at bar. We certainly should not wish to grant specific performance of a contract like the present one in such a way as to give it priority over the rights of creditors. Especially would this be true when creditors have no means of knowing of the existence of such contract and give credit to the testator on the strength of his apparent property. To give priority to a legatee under· such circumstances would furnish the means for the disposal of one's property regardless of his creditors' rights.

We therefore believe that insolvency is a defence and the second exception to the answer is overruled.

For complainant: Mumford, Huddy & Emerson.

For respondents: Fitzgerald & Higgins, John H. Flanagan.