## SAGE *v*. SAGE.

1. CANCELLATION OF INSTRUMENTS — DEEDS—INCOMPETENCY — EVIDENCE—SUFFICIENCY.

> In a suit to set aside a deed on the grounds of mental incompetency and undue influence, the finding of the lower court that the material allegations of the bill are not sustained by the evidence, *held*, correct.[1]

[1]Cancellation of Instruments, 9 C. J. § 195; Wills, 40 Cyc. p. 2119..

On specific performance of contract to leave property in consideration of services or support, see note in 44 L. R. A. (N. S.) 733.

2. FRAUDS, STATUTE OF—AGREEMENT TO DISPOSE OF LAND MUST BE IN WRITING.

The law requires agreements to dispose of land by will or deed to be in writing.[2]

3. SPECIFIC PERFORMANCE—ORAL CONTRACT—EXCEPTIONS TO GENERAL RULE—EQUITY WILL NOT AID FRAUD.

There are exceptions to the general rule that specific performance of oral agreements will not be granted, so that where one relying upon an oral agreement that certain property would be devised to him by will has rendered valuable services which have been accepted, equity will interpose to prevent virtual fraud, and will grant relief.[3]

4. WILLS—MAKERS OF JOINT WILL HAD RIGHT TO CONTRACT IN REFERENCE TO THEIR HOME.

Although a husband and wife made a joint will providing therein that it should not be revoked or changed by either without the written consent of the other, they had a legal right to make an oral agreement with a daughter that, in consideration of her services rendered to them in their declining years, their home, acquired after the making of said will, should, at their deaths, become her property.[4]

5. SAME—SPECIFIC PERFORMANCE OF ORAL CONTRACT ENFORCEABLE AGAINST HEIRS.

Where the father accepted said services up to the time of his death, rendering said contract enforceable as to him, it is enforceable as against his heirs, who have no greater rights than he would have.[5]

6. SAME—JOINT WILL IRREVOKABLE AFTER DEATH OF ONE OF THE PARTIES.

A joint will by a husband and wife containing a provision that it should not be changed or revoked by either without the written consent of the other, is irrevokable after the death of the husband.[6]

7. SAME—DEED EXECUTED IN PURSUANCE OF ORAL CONTRACT VALID.

A deed of said home to the daughter, made by the mother, after the father's death, in pursuance of said oral contract, is valid, and is not in violation of the terms of said joint will or in fraud of the rights of any of the parties.[7]

---

[2]Frauds, Statute of, 27 C. J. §§ 170, 216; Wills, 40 Cyc. p. 2119; [3]Specific Performance, 36 Cyc. p. 673; [4]Wills, 40 Cyc. p. 2119; [5]Specific Performance, 36 Cyc. p. 766; [6]Wills, 40 Cyc. p. 2116; [7]Frauds, Statute of, 27 C. J. § 410; Wills, 40 Cyc. p. 2119.

Appeal from Kalamazoo; Weimer (George V.), J. Submitted January 16, 1925. (Docket No. 109.) Decided April 3, 1925. Rehearing denied June 18, 1925.

Bill by George Sage and others against Katherine Elizabeth Sage and others to set aside a deed. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*Jackson, Fitzgerald & Dalm*, for plaintiffs.

*Thomas J. Cavanaugh* and *Gordon L. Stewart*, for defendants.

McDONALD, C. J. This bill is filed to set aside a deed. The parties are all surviving children of Patrick Sage and Ellen Sage, except Marie Sage Drolet, who is a grandchild. The defendants Lawrence Sage and Joseph Sage have the same interest in the controversy as the plaintiffs. As they did not join with them in instituting the suit they were included as defendants, so that all of the parties in interest should be before the court. Patrick Sage and Ellen Sage owned certain property by the entireties. They executed the following joint and mutual last will and testament on the 15th of April, 1918:

"Be it remembered that we, Patrick Sage and Ellen Sage, husband and wife, of Bloomingdale township, Van Buren county, Michigan, do make, publish and declare this as our joint last will and testament intending hereby that neither shall have the right to revoke the same without the written consent of the other, and our property is hereby disposed of as follows:

"*First:* We being husband and wife, and now owning certain real and personal property jointly which it is expected shall all go to the survivor, the whole is hereby given, devised and bequeathed to the survivor of us; but in order that all of our property may be distributed to our respective heirs in the proportions we deem just, wise and equitable, this instrument is made, and we hereby give, devise and bequeath to our

daughter Catherine Elizabeth Sage the sum of two thousand dollars ($2,000) and to our daughter Lucy Sage-Hudson we give the sum of one thousand dollars ($1,000). It is our wish that these legacies to the said Catherine Elizabeth Sage and the said Lucy Sage-Hudson be paid as soon as convenient after our deaths, and from the first money realized by the executor hereinafter named.

"*Second:* We give to our son Francis Sage, the sum of five dollars ($5.00). This provision is made because Marie Sage, daughter of the said Francis Sage, is to participate in the distribution of our estate.

"*Third:* We give, devise and bequeath to our son Leonard Sage the sum of five dollars ($5.00). This provision is made because we have heretofore paid the said Leonard Sage the sum of one thousand dollars ($1,000.00) which we deem his full distributive share of our estate.

"*Fourth:* We give, devise, and bequeath the rest and residue of our estate wherever situated and whether real, personal or mixed, to our children, Patrick Henry Sage, Joseph Sage, Lawrence Sage, William Sage, Leo Sage, John Sage, Anna Sage, George Sage and to Marie Sage, daughter of Francis Sage, share and share alike to be theirs absolutely and forever.

"*Fifth:* We hereby appoint Leonard and George Sage of Bloomingdale township, the executors of this will.

"*Sixth:* We hereby revoke any former will (wills) by us or either of us at any time made."

About a month after the execution of this will the testators purchased the real estate involved in this suit. They took the title as tenants by the entireties. It consisted of a house and lot in the city of Kalamazoo. Here they lived during the remainder of their lives. The defendant Katherine Elizabeth Sage lived with them. Patrick Sage died March 11, 1922. On the 22d of March, 1922, the widow, Ellen Sage, deeded the house in Kalamazoo to Katherine, reserving a life lease. Katherine had it recorded with directions that it should not be published. About a year later Ellen

Sage died, leaving an estate exclusive of the property in question of the value of approximately $9,000. The joint will was probated as her last will and testament on May 11, 1923.

The bill was filed to set aside the deed to Katherine on the theory that, because of her mental and physical condition, Ellen Sage was incompetent at the time she made it; that it was made as the result of undue influence on the part of Katherine; and that, by reason of the joint will and agreement which she made with Patrick Sage, she was estopped from making this conveyance to Katherine. In her answer the defendant says that the deed was not the result of undue influence, but was given pursuant to an agreement with her parents, Patrick Sage and Ellen Sage, in consideration of services which she rendered them in their declining years. On the hearing the circuit judge entered a decree dismissing the bill. The plaintiffs have appealed.

We agree with the circuit judge that the material allegations of the bill are not sustained by the evidence. Ellen Sage was mentally competent when she made the deed. No undue influence was exercised and the deed was made pursuant to an oral agreement with Patrick Sage that Katherine was to have the Kalamazoo property in consideration of the services which she gave them. Of this there is ample evidence of a convincing character from disinterested witnesses. The question is whether this oral agreement should be enforced in equity. If it should, the deed stands and the property belongs to Katherine. It was an agreement to dispose of land by will or deed, and the law requires such agreements to be in writing.

The general rule is that specific performances of such oral agreements will not be granted, but as pointed out in 1 Alexander on Wills, § 153, p. 175.

"There are exceptions, however, to this rule for

230—Mich.—31.

equity will interpose to prevent fraud. For instance, it would be a virtual fraud for one to accept the benefit of services rendered him by another who obviously was relying upon an oral agreement that certain property would be devised him by will and where the benefit and labor have so changed the situation of the parties that it would be practically impossible to restore them to their former condition. It would be inequitable to allow one to receive the benefit of the labor of the other and then to allow such other merely the chance of being reimbursed through an action at law."

In the instant case there are at least three reasons why equity should grant specific performance of this oral agreement. *First,* because the parties had a legal right to make it; *second,* because it was fully performed on the part of Katherine, and *third,* because Patrick Sage received and accepted all of the benefits which were to come to him under it. If Patrick were alive, after receiving the entire consideration, could he refuse performance on the ground that the agreement was not in writing? The same is true of those holding under him. The plaintiffs are here as heirs at law and not as parties with vested interests under the contractual provisions of a will. They have no greater rights than Patrick would have were he living, and, as we have said, he could not refuse performance because the contract was not in writing.

The two testators had a legal right to make this agreement. The property in question was not specifically devised. It was acquired after the will was made and belonged to the testators as tenants by the entireties. There was no agreement binding them to keep it for the heirs. They could jointly dispose of it at any time and take it out from under the operation of the will. The only agreement they had is found in the following contractual clause in the will:

"Intending hereby that neither shall have the right to revoke the same without the written consent of the other."

In other words, they agreed that Patrick should not revoke the will without Ellen's written consent, and that Ellen should not revoke it without Patrick's written consent. This contract had no reference to any joint or mutual act that would amount to a revocation. What the testators did in this case was to make an agreement to dispose of the Kalamazoo property to Katherine. They did not undertake to modify or discharge the contractual provision of the will. They made a new agreement that was not in any way inconsistent with that provision. If this oral agreement had been reduced to writing and Ellen had made the deed after Patrick's death in pursuance of the agreement, there would be no question about the validity of the transaction. It was not reduced to writing, but the legal effect of the oral agreement was the same as though it had been in writing, because it was performed as to Patrick and he accepted and received all of the benefits which were to go to him by virtue of it. If there had been no agreement acted upon by the parties during their lives and Ellen Sage had made the deed to Katherine after Patrick's death, equity would have declared her act to be fraudulent and would have enforced the provisions of the will. For after Patrick's death the will became irrevocable, but before he died he made an agreement to convey this property to Katherine. And as in making the deed Ellen was but performing this agreement, her act was not a violation of the contract embodied in the will and was not in fraud of the rights of any of the parties. The will was not revoked except that it may be said that the alienation of the Kalamazoo property revoked it to that extent. As we have pointed out the two testators were under no obligation to preserve

this or any of their estate for the heirs. They had a joint disposition of all of the property and could deed or devise it as they saw fit, providing they were both parties to the transaction. They did so before the will became irrevocable by the death of Patrick. The fact that the deed was not made until after he died does not matter as long as the contract which it was given in performance of was legal and binding. We think that the circuit judge correctly disposed of the case.

A decree will be entered in this court dismissing plaintiffs' bill, with costs to the defendants.

CLARK, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.