SKILES v. ARCHAMBEAU.

1. WITNESSES — "OPPOSITE PARTY" RULE — PLAINTIFF'S HUSBAND NOT OPPOSITE PARTY.

   In a suit by a daughter against her father's estate for the specific performance of an oral contract to convey land, where she had fully performed, her husband was a competent witness; the "opposite party" rule not being applicable to him.

2. SPECIFIC PERFORMANCE — ORAL CONTRACT TO CONVEY LAND — FRAUDS, STATUTE OF.

   Where an oral contract to convey land to plaintiff was established by competent evidence, and the proof is convincing that she had fully performed, she is entitled to a decree for specific performance.

Appeal from Bay; Houghton (Samuel G.), J.    Submitted January 4, 1927.    (Docket No. 4.)    Decided April 1, 1927.

---

[1]Witnesses, 40 Cyc. p. 2283; [2]Frauds, Statute of, 27 C. J. § 410.

Bill by Clara Skiles against Mary Archambeau and others for specific performance of a land contract. From a decree for plaintiff, defendants appeal. Affirmed.

*Edward S. Clark* and *W. B. Henry,* for plaintiff.

*Collins & Thompson,* for defendants.

CLARK, J.    Plaintiff filed this bill for specific performance of an oral agreement to convey land made by and between her and her father and mother, the father being now deceased.

The defendants are the administrator, the widow, and the other heirs-at-law.    Plaintiff had decree.    Defendants have appealed.

We disregard such testimony in the record as was admitted against the opposite-party rule.    Plaintiff's husband was her chief witness.    That he was a competent witness despite such rule is settled by *Hiles* v. *First National Bank,* 237 Mich. 278, where the question is considered at length.    The agreement is established by abundant evidence.    The husband testified of the making of the agreement and of what it was.    Third parties, friends and neighbors of the deceased, testified of statements in that regard, made by deceased, which testimony is corroborative of that of the husband.    The proof is convincing that plaintiff performed fully the agreement on her part.

She was and is entitled to deed of the property.    The case is ruled by *Woodworth* v. *Porter,* 224 Mich. 470; *Sage* v. *Sage,* 230 Mich. 477; *Denevan* v. *Belter,* 232 Mich. 664; *Willard* v. *Shekell,* 236 Mich. 197.

Decree affirmed, with costs to plaintiff.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and McDONALD, JJ., concurred.