[Civ. No. 8382. First Appellate District, Division Two.—April 19, 1932.]

FRANK LUCAS, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, ROSENBERG BROS., et al., Respondents.

H. L. Richardson for Petitioner.

A. I. Townsend for Respondents.

STURTEVANT, J.—This is an application for a writ of review in which the petitioner asks that an award heretofore made by the Industrial Accident Commission be annulled. The facts are brief. The petitioner was the only witness examined orally. There was only one additional piece of evidence and that was the medical report.

In his application filed with the defendant board the petitioner alleged that on November 24, 1931, he was employed as a laborer at Oakland by Rosenberg Bros., and that while so employed he was injured by being hit in the groin and ruptured on the right side. At the hearing had before the defendant board the witness testified that at the time of the accident he was pulling on the handles of a freight truck and there was another man pushing; that he backed into a post and he was struck by the handle of the truck; that the handle hit him in the right groin; that it did not hurt much at the time, but it started hurting after—about ten minutes after; that about half an hour after the accident the petitioner took down his clothes and examined the spot; that at that time he found a lump—a little lump which he touched with his hand; that it was "sore like anything at that time"; and that before that time he had not had that lump. The medical report was as follows:

"Gentlemen:

"Mr. Frank Lucas, a Portuguese, married, 30 years of age, and employed as a laborer by Rosenberg Bros., reported to our office at about 3.00 p. m. on November 24, 1931 giving the following history.

"History: The alleged injury occurred today, November 24, at about 9:00 a. m. At that time while at work pulling on the handles of a freight truck, and with another man pushing on the opposite end of the truck, he backed into a post, the handle of the truck striking him in the right groin. Following the accident he had some slight dull pain in the right groin. He did not become sick to his stomach or

nauseated. He did not stop working. At about 9:30 the patient had to defecate and he took occasion to examine himself when he found a swelling in the right groin about the size of a walnut.'' If we pause at this point and look at the facts recited, it is patent that a *prima facie* nonmedical case was established by the petitioner. The only factor not developed was the extent of his injury.

█ The petitioner makes two separate claims. He contends that prior to the accident complained of he had no rupture and immediately thereafter he had. In the second place he contends that even though he had a rupture prior to that date the rupture was aggravated by operating the truck. In either event he claims he was entitled to relief. Before taking up either argument it will be well to quote the rest of the medical report. Commencing where we left off, the report continued as follows:

''Past History: Patient has never complained of previous trouble in the groin. There is no record of previous medical examinations in this region. There is no history of previous illnesses or surgical operations.

''Examination: Patient is a well nourished and muscled adult male of about the stated age. Physical examination is entirely negative except in relation to present complaint. Inspection of the right lower abdomen and groin does not reveal any external evidence of injury. There is no bruise or ecchymosis. There is no laceration of the skin. A fullness is noted in the right groin which is somewhat tender to palpation. The right external inguinal ring is dilated and its margins thin and poorly defined. There is no tearing or laceration of the tissues about the external ring. It readily admits the examining finger. The normal obliquity of the inguinal canal is lost, that canal being very patulous and the internal ring dilated sufficiently to admit the palpating finger. Upon coughing or straining an elastic expansile mass extrudes into the internal ring producing a visible swelling. Upon cessation of straining the mass protrudes about one inch through the external ring in the erect position but disappears completely in the recumbent position. There is very little tenderness about the right groin after reduction in the recumbent position. There is no edema or suggilation about the groin or the scrotum. There is no hematoma or hydrocele involving scrotum or cord.

"The left inguinal region is very little different from its fellow. The left external ring admits the examining finger with ease. An impulse is transmitted through the canal upon coughing or straining. The structures about the left canal are in poor tone but there is no protrusion on this side. The external genitalia are normal.

"Diagnosis: Complete, right, indirect, inguinal hernia. Incomplete, left, indirect inguinal hernia.

"Opinion: The attention of the patient was directed toward a complete hernia on the right side following direct trauma of mild degree sustained this morning. His hernia is characterized upon examination by a rather marked dilatation of both inguinal rings and canals. The injury was not of a character which would have caused forcible tearing or separation of tissues. The congenital weakness of the structure is shown by the bilateral character of the findings. The absence of constitutional symptoms and of local reaction to injury fail to support the contention that direct blow resulted in the causation of the present findings. In my opinion there is no industrial responsibility.''

Returning now to the contention that the evidence showed that the rupture was directly caused by operating the truck, the respondents assert that as there was no external evidence of a puncture of the abdominal cavity the claim may not be sustained. That reply is not sufficient. While operating the truck the petitioner could have suffered an abdominal puncture by being hit by the handle of the truck. In that event the medical evidence is to the effect that there would have been abrasions of the skin; and, as there were none, it follows the hernia was not caused in that manner. Granting all of these contentions to be as stated, the case is not determined. The evidence showed that the membrane of the cavity was very weak. Pulling on the truck would cause an internal pressure on the membrane. That internal pressure may have caused the rupture. There is no evidence to the contrary.

We will now take up the second theory, viz., that an existing rupture was aggravated by operating the truck. An examination of the medical report does not disclose any information on that subject. The case then stands as follows: A nonmedical case was clearly established by the petitioner. There was some evidence that the initial cause of

the rupture was not an external blow or puncture by the truck handle or otherwise. But there was no evidence that by the strain in pulling the truck a rupture was not caused by excessive pressure from within; and there was no evidence that an existing hernia was not, and could not have been, aggravated by either being hit by the handle of the truck or by excessive pressure from within caused by the strain in pulling the truck.

The second finding made by the respondents was: ''The evidence does not establish that the hernia . . . complained of by said employee, . . . was . . . exacerbated by injury arising out of and in the course of said employment.'' And in denying the application for a rehearing before the commission, among other things that body said: ''Now, as to the aggravation theory, it must be borne in mind that this theory is entirely predicated on indirect violence or muscular action. Hernias of this type are always a matter of gradual development, and what happens is that extra amount of bowel or omentum has been forced down and added to the unnoticed part previously there, thus rendering it recognizable. This theory is not involved here. There was no muscular action or effort and it is medically impossible for such a blow as this man received to aggravate a pre-existing one.'' Looking back at the evidence introduced before the board, it will be observed that there was not a particle of evidence supporting or tending to support any one of those statements. In other words, suppose that before the accident the petitioner had the weak membranes described in the report; that those membranes were separated into fine shreds but had not given away entirely; and that on being hit with the truck handle or by reason of excess pressure from within some of those shreds were broken, under such circumstances the petitioner would have been entitled to relief. However, there is not a word in the record showing that such a set of facts did not exist or could not occur. To meet the *prima facie* case established by the petitioner it was necessary that some evidence be introduced to disprove the supposititious case just stated.

The award is annulled.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 19, 1932, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 16, 1932.