[Civ. No. 8694. First Appellate District, Division Two.—November 7, 1932.]

WILLIAM CHANCE, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA, PACIFIC FELT COMPANY et al., Respondents.

Otto G. Kuklinski for Petitioner.

A. I. Townsend for Respondents.

SPENCE, J.—Petitioner seeks to annul the award of the respondent Commission denying his application for compensation.

On March 31, 1932, petitioner was examined at Mount Zion Hospital and advised that he had a bilateral rupture. An operation was performed and thereafter petitioner sought compensation. The evidence showed that in March, 1932, petitioner had gone to his doctor and complained of pain in his abdomen. Petitioner believed that he had appendicitis. He was examined and found to be normal physically. Shortly thereafter he went to another doctor, who

examined him and gave some prescriptions. In neither instance did petitioner advise the doctor that he had suffered any injury or strain, nor did he complain of any swelling. Neither doctor made any finding of hernia. Petitioner continued his work until March 31, 1932. He made no mention of any injury or strain when examined on that date, but after ascertaining that he had a hernia and being operated upon he thought back to a time early in March when he was lifting some wet cotton on a fork into a tank and attributed his condition to that incident of lifting the cotton.

Petitioner had been employed by the Pacific Felt Company for many years. His duties had been practically the same during all of that time. These duties included heavy work, such as lifting wet cotton in the manner above mentioned. He had not at any time reported any injury or strain to his foreman nor had he requested medical attention from his employers. When asked why he had not given the doctors any history of injury, he said, "because I do not absolutely remember the injury. I don't remember injuring myself. When lifting a pain came there, struck like a knife, but not so severe. I did not associate that with the trouble at all. I thought of appendicitis." His history taken at the hospital on March 31, 1932, showed that he had been suffering pains in the abdomen "for the past two months".

Upon the hearing before the Commission petitioner attempted to show that his condition resulted from a definite injury or strain in the course of his employment. He testified that he felt a pain in his right groin while lifting cotton one afternoon in the early part of March, 1932. He "did not think much of it" and kept on working. He felt no pain in the left groin at that time, but testified that he did experience pain in the left groin a few days later. He made vague reference to a swelling "about that time" and "all during that period", but it does not appear that he called any swelling to the attention of the doctors who examined him. On leaving work on March 31, 1932, he did not request medical attention from his employer as he "never dreamed it was a rupture".

The medical testimony was far from satisfactory as to the cause of petitioner's condition. This testimony indicated that his general condition was congenital in character with

the *possibility* that a strain might have been the immediate cause of the condition requiring operative treatment. The medical report introduced by petitioner stated: "I do not think it possible for anyone to make a dogmatic statement about the methods by which herniae are produced. There are world renowned champions in favor of both the congenital and the acquired methods of origin. It is possible that even with a congenital sac that the occupation of the patient may be the actual cause of the hernia. With Mr. Chance the type of work which he was consistently doing for several years which entailed constantly increased intra-abdominal tension could well be the immediate cause of his hernia even though a sac was present since birth."

Upon the evidence the respondent Commission found that "the evidence does not establish that the hernia or the herniae complained of by said employee, which forms the subject matter of this proceeding, was or were caused or exacerbated by injury arising out of and in the course of said employment", and made its award denying relief to petitioner.

Petitioner seeks annulment of the award, relying entirely upon the decision of this court in *Lucas* v. *Industrial Acc. Com.*, 122 Cal. App. 667 [10 Pac. (2d) 537]. We are of the opinion that the decision referred to does not sustain petitioner under the facts in the present case. In the Lucas case the unimpeached testimony of petitioner showed that there was a definite injury or strain followed immediately by a swelling which had not previously existed. Furthermore, the petitioner there "had never complained of previous trouble in the groin". Here some of the testimony offered by petitioner tended to discredit his claim that there was a connection between his condition and an alleged injury or strain which petitioner claimed he had received in the course of his employment in the early part of March. Considering all of the evidence offered by petitioner, including that showing that he had suffered pains for two months prior to March 31st, that he first suffered pain in the right groin and some time thereafter in the left groin, and that he never mentioned any injury or strain to anyone until after March 31st, we believe that the respondent Commission was justified in concluding that petitioner's condition was one of congenital origin and gradual development rather than one

attributable to any alleged injury or strain in the early part of March. Under these circumstances the findings of the Commission are conclusive.

The award is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.