## LEVI v. MURRELL et al.*
### No. 6895.

Circuit Court of Appeals, Ninth Circuit.
Feb. 20, 1933.

Young & Young and Milton K. Young, both of Los Angeles, Cal., for appellant.

Flint & Mackay, Arthur J. Edwards, Wesley L. Nutten, Jr., and Donald W. Hamblin, all of Los Angeles, Cal., for appellees.

Before WILBUR and SAWTELLE, Circuit Judges, and NORCROSS, District Judge.

WILBUR, Circuit Judge.

This suit is brought by appellant to declare a trust in her favor in one-third of the property of the estate of Mary J. Levi, deceased, in the hands of her administratrices and legatees, in lieu of specific performance of an alleged oral agreement by the decedent

*Rehearing denied May 3, 1933.

to will one-third of her estate to the appellant in consideration of appellant's refraining from contesting the will of decedent's husband. The District Court dismissed the bill of complaint on the ground, stated in the decree, that the contract alleged therein and on which this action is based "was never reduced to writing within the meaning of the statute of frauds of the State of California (Civ. Code § 1624, subd. 7; Code Civ. Proc. § 1973, subd. 7), and is therefore barred or invalid by reason of such statutes." From this decree of dismissal the plaintiff takes this appeal.

The alleged contract was entered into in Michigan, and appellant contends that such a contract is valid under the laws of Michigan and should be enforced in California upon the theory that the law of the place of contract rather than of the forum should control. It is contended by the appellees that the California statute of frauds controls and absolutely precludes any recovery in equity upon an oral contract to make a devise or bequest.

The federal courts, where the statute of frauds is involved, look to the law of the state of the forum, and, if by the law of the forum the statute of frauds is held to be procedural and remedial, the statute of frauds of the state of the forum is controlling. Rantoul Co. v. Claremont Paper Co. (C. C. A. 1) 196 F. 305; Ohlendick v. Schuler (C. C. A. 6) 30 F.(2d) 5; Brooks v. Yarbrough (C. C. A. 10) 37 F.(2d) 527; Hamilton v. Glassell (C. C. A.) 57 F.(2d) 1032. The Supreme Court of California in conformity with the general rule has decided that the statute of frauds of that state is a procedural statute. This rule has been stated as late as 1925 in O'Brien v. O'Brien, 197 Cal. 577, 241 P. 861, 864, where Justice Shenk, speaking for the court, said:

"It is the general rule, however, that a contract falling within the operation of the statute, but made in contravention thereof, is not invalid in the sense that it is void. It is merely voidable. The statute is said to relate to the remedy only and not to affect the validity of the oral contract. 'Such a contract, if otherwise valid, remains so, and the sole effect of the statute is to render it unenforceable by one party against the will of the other who abandons or repudiates it.' 27 C. J. 309, 310; Warder v. Hutchison, 69 Cal. App. 291, 231 P. 563."

The statute of frauds of California (section 1624, subd. 7, Civ. Code, added by amendment in 1905, Stats. of Cal. 1905, p. 611, and section 1973, subd. 7, Code Civ. Proc., added by amendment in 1907, Stat. of Cal. 1907, page 563), expressly provides that an agreement to make a will must be in writing. Section 1624, subd. 7, Civ. Code, is as follows:

"1624. *What contracts must be written.* The following contracts are invalid, unless the same, or some note or memorandum thereof, is in writing and subscribed by the party to be charged, or by his agent: * * *

"7. An agreement which by its terms is not to be performed during the lifetime of the promisor, or an agreement to devise or bequeath any property, or to make any provision for any person by will."

Section 1973, Code Civ. Proc., subd. 7, is identical. The statute of frauds of Michigan requires an agreement to devise real estate to be in writing (Comp. Laws of Mich., 1929, vol. 3, c. 261, § 13411; Sage v. Sage, 230 Mich. 477, 203 N. W. 90), but permits a court of equity to enforce the agreement in cases of part performance (section 13415, Comp. Laws of Mich., vol. 3, c. 261, supra; Sage v. Sage, supra, citing with approval Alexander on Wills, vol. 1, § 153, p. 174; Van Houten v. Vorce, 259 Mich. 545, 244 N. W. 157). This is in accord with the general equitable rule, and also the rule in California, at least up to the time of the amendment of the statute in 1905. Section 1624, subd. 7, supra. Some courts hold that the acts relied upon to constitute part performance of an oral contract, must be such as will of themselves indicate the existence of the contract to make a will sought to be specifically enforced. Other courts hold that it is sufficient if the acts of part performance of themselves indicate some contract between the parties. Pomeroy, in his work on Specific Performance of Contracts (3d Ed.) § 107, after calling attention to this divergence in the decisions, states as follows:

"The true rule is, that the acts of part performance must be such as show that some contract exists between the parties; that they were done in pursuance thereof, and that it is not inconsistent with the one alleged in the pleading. Whenever acts of part performance are made out, which thus point to a contract, the door is opened, and the plaintiff may introduce additional parol evidence directed immediately to the terms of the contract relied upon."

There are some cases in California which indicate that the stricter rule is applied by the courts of that state. Blum v. Robertson, 24 Cal. 142; Foster v. Maginnis, 89 Cal. 264, 266, 26 P. 828; Baker v. Bouchard, 122 Cal. App. 708, 10 P.(2d) 468. The California

rule as to what constitutes sufficient part performance of an oral contract to make a will to take it out of the statute of frauds is thus stated in 23 Cal. Jur. § 34, page 466:

"\* \* \* The acts relied upon must be unequivocally referable to the contract; it is not enough that such acts are evidence of some agreement; they must be satisfactory evidence of the particular contract charged in the complaint; they must clearly appear to have been done in pursuance of the contract and to result therefrom and not from some other relation. \* \* \*"

Appellant contends that the federal courts, sitting as courts of equity, will follow the generally accepted doctrine of equity with reference to part performance of a parol contract rather than the decisions of the state court in that regard. It is, of course, true that the federal courts are not bound by the decisions of any state court on general principles of equity jurisprudence. Nevertheless, if there is any difference between the California rule and the generally accepted rule as to what constitutes sufficient part performance to take the case out of the statute of frauds, we must hold that, under either view, the act, or rather omission, relied upon by appellant as constituting part performance, was insufficient for that purpose, as we shall presently see.

The allegations of the bill of complaint are to the effect that Charles E. Levi, a resident of Ohio, died during the latter part of the year 1926, leaving a will by which he disposed of his estate valued at approximately $400,000; that Mary J. Levi, wife of decedent, refused to accept the legacy provided for her in the said will and asserted her right under the law of the state of Ohio to receive her dower interest of one-third of the estate of her husband; that plaintiff and her mother made known to Mary J. Levi, plaintiff's grandmother, their intention to contest the will of said Charles E. Levi; that the grandmother came to Romeo, Mich., where plaintiff and her mother resided, and orally negotiated with them not to contest the will in consideration of which she agreed to provide that plaintiff share equally in her estate with the other two girls, appellees herein, when she passed away; that, in pursuance of this oral agreement, no contest of said will was ever made. The mere omission to contest a will, that is, the failure to do anything, neither points to a specific compromise agreement by which compensation is to be made by will for such forbearance as required by the stricter rule concerning part performance, nor to any

agreement as required by the more liberal rule. It is merely a case of nonaction which by its very nature indicates nothing whatever, much less a compromise agreement. In this connection it should be noted that the grandmother would not be directly affected by the will contest, since she had exercised the option given to her by law to take her dower interest of one-third of the estate in lieu of taking under the will, and consequently appellant's failure to contest the will would not indicate an oral contract with the grandmother to make a will in appellant's favor.

We do not wish to be understood as holding that the agreement of appellant to refrain from contesting the will, if made as alleged, would not be a sufficient consideration for the agreement of the grandmother to make a will. Unquestionably it would be a sufficient consideration. Kundinger v. Kundinger, 150 Mich. 630, 114 N. W. 408; Kunzie v. Nibbelink, 199 Mich. 308, 165 N. W. 722. The point is that the mere refraining from contesting the will of the grandfather, considered as an act of part performance justifying the court in exercising its equitable powers to specifically enforce the contract of the grandmother to make a will, does not sufficiently identify itself with the contract to make a will, or with any other contract with the grandmother, to justify the court in going a step further in pursuance of its equitable powers to ascertain whether or not there was an oral contract to make a will. It is not a sufficient part performance without which courts of equity will not enforce an oral contract to make a will where such contract is not reduced to writing as required by the statute of frauds.

The appellant seeks to bring the case within the rule sometimes applied in courts of equity, that where there is fraud in connection with the execution of an oral agreement the courts will enforce the agreement, notwithstanding it is not in writing. The allegation of fraud relied upon in the case at bar is that the decedent made the oral agreement to execute the will without any intention of performing the agreement. Assuming, without deciding, that this is a sufficient allegation of fraud, it is not the type of fraud acted upon by courts of equity in connection with specific performance. Such fraud usually relates to some subterfuge by which the promisee is induced to believe the contract has been reduced to writing or is being reduced to writing when in fact it is not. Zellner v. Wassman, 184 Cal. 80, 193 P. 84; Hughes v. Hughes, 49 Cal. App. 206, 193 P. 144.

It is also contended that the agreement set out in the complaint is an agreement not to make a will. It has been held in some states that an agreement not to make a will does not come within the statute of frauds. 27 C. J. 171; Stahl v. Stevenson, 102 Kan. 447, 844, 171 P. 1164, 1169. It has not been expressly decided in California which view of this situation the courts would accept, although in Cazaurang v. Carrey, 117 Cal. App. 511, 4 P.(2d) 259, it was held that an agreement not to revoke a will came within the provisions of section 1624, subd. 7. It is enough, however, for the purpose of this case to say that the plaintiff cannot very well rely on two inconsistent theories, one, that there was an agreement to make a will, and the other, that there was an agreement not to make a will. It is alleged in the complaint that, at the time of the alleged agreement, the grandmother, Mary J. Levi, stated that she "had a few small bequests that she would like to make to relatives and friends as her husband had done"; that she would leave appellant an equal share in her estate with the other two girls, the defendants herein, and would leave appellant to share equally with them when she passed away; "that she would go to her lawyer right away and have a will made out." Several months afterwards, November, 1927, the grandmother again stated to appellant "that just as soon as everything was settled she intended to make her will." In view of these allegations, it cannot be said that the grandmother agreed not to make a will. Consequently, it is unnecessary to consider whether or not an agreement not to make a will is within the statute of frauds in California.

It does not affirmatively appear from the bill that the decedent left any real estate. Upon argument, we understood it was stated that the property left by the decedent was all personal property. It would seem that in California a trust could not be declared in personal property in order to enforce a contract to bequeath that property where no real estate is involved, for the reason that an adequate remedy exists at law for the breach of the contract, and the fact that the statute of frauds would prevent a successful recovery at law would not be a ground for the exercise of equitable jurisdiction. Zellner v. Wassman, 184 Cal. 80, 84, 85, 193 P. 84; Morrison v. Land, 169 Cal. 580, 584–590, 147 P. 259. The bill should show that the decedent left real estate subject to the terms of the agreement. We mention this point to show that it is not overlooked, but we place our decision upon the grounds hereinbefore stated.

It will be observed that in reaching our conclusion we have assumed that the appellant is entitled to enforce the agreement alleged in her bill, if there had been sufficient part performance within the equitable rule upon that subject. That this is the rule in California in regard to contracts entered into prior to the amendment to the statute of frauds is clearly established by the decisions of the Supreme Court of California. Owens v. McNally, 113 Cal. 444, 45 P. 710, 33 L. R. A. 369; McCabe v. Healy, 138 Cal. 81, 70 P. 1008; Rogers v. Schlotterback, 167 Cal. 35, 138 P. 728; Monsen v. Monsen, 174 Cal. 97, 162 P. 90; Steinberger v. Young, 175 Cal. 81, 165 P. 432; Staples v. Hawthorne, 208 Cal. 578, 283 P. 67. The decisions of the Supreme Court of California enforcing oral contracts to make a will entered into before the amendment upon the ground that there was a vested right in the fruits of the contract by reason of the complete performance by the promisee, the validity of the contract, therefore, not being affected by the amendment (Rogers v. Schlotterback, Monsen v. Monsen, Staples v. Hawthorne, supra), would seem to indicate that the court considered the rule to be changed by the amendment, but it is by no means clear that the change prevents the application of the equitable doctrine of part performance where real estate is involved. So far as we are advised, the Supreme Court of California has never held that an oral contract to make a devise will not be enforced where there has been part performance, although the contract is made subsequent to the amendment of 1905. The District Courts of Appeal seem to be at variance in reference to the matter. Brooks v. Whitman, 122 Cal. App. 660, 10 P.(2d) 1007; Baker v. Bouchard, 122 Cal. App. 708, 10 P. (2d) 468. It is, however, unnecessary to determine that question in view of our conclusion that there is no sufficient part performance to take the case out of the statute of frauds.

We conclude that the contract in question cannot be enforced by declaring a trust in either real or personal property.

Decree of dismissal affirmed.