BURNHAM v. FIRST NATIONAL BANK.

SPECIFIC PERFORMANCE—ORAL CONTRACT FOR LAND—EVIDENCE—SUFFICIENCY.

In suit against executors of decedent's estate for specific performance of oral contract whereby plaintiffs were to have title to farm in consideration of their caring for decedent during his lifetime, decree in favor of plaintiffs, *held*, sustained by evidence.

Appeal from Grand Traverse; Gilbert (Parm C.), J. Submitted June 21, 1933. Docket No. 76, Calendar No. 37,206.) Decided October 2, 1933.

Bill by Gordon L. Burnham and another against First National Bank of Traverse City and another, executors of the estate of James D. Munson, deceased, and another for specific performance of an oral contract with deceased. Decree for plaintiffs. Defendants appeal. Affirmed.

*Campbell & Campbell,* for plaintiffs.

*Norris, McPherson, Harrington & Waer* and *John C. Cary,* for defendants.

BUTZEL, J. In a bill filed against the executors and residuary legatee of the estate of Dr. James D. Munson, plaintiffs Gordon and Pauline Burnham seek specific performance of an oral agreement alleged to have been made with decedent in his lifetime. Plaintiffs had previously entered into a written executory contract to purchase a valuable farm in Grand Traverse county from Dr. Munson and his wife, to whom they were related. Subsequently, Dr. Munson's wife died, and it is claimed that the doctor, now aged, childless, and lonesome, became much attached to plaintiffs and induced them to give him practically all of their time and attention; that he entered into the oral agreement sought to be enforced in the instant case; that subsequently the doctor met with a very severe accident that crippled him permanently, and that plaintiff Gordon Burnham thereupon resigned from a position he held in order to aid his wife more fully in the care of the decedent. Plaintiffs claim that the doctor agreed that, in consideration of their looking after him and his interests during the balance of his lifetime, the title to the farm which was being sold to them on contract would become vested in them at the doctor's death, free and clear of all further contractual obligations. The bill of complaint also alleges, although there is no proof in substantiation thereof, that the doctor further agreed to make proper testamentary provision to this effect. Plaintiffs claim that they fully performed their contract. The doctor did not change his will. The testament eventually probated and executed some time before the alleged

oral agreement provided for a specific legacy of $2,500 to Gordon Burnham.

The testimony taken at the hearing was somewhat conflicting and the proofs are rather meagre, possibly owing to the statutory provision prohibiting plaintiffs' testimony with regard to matters equally within the knowledge of deceased (3 Comp. Laws 1929, § 14219). However, the positive testimony of Frank F. Burnham, a brother of Gordon, as to the details of a conversation with Dr. Munson, in which the latter described the agreement claimed in the presence of the plaintiffs, stands undisputed. The record also contains statements made by decedent of an intention on his part to let plaintiffs have the property. In view of this testimony, and the fact that the trial judge saw the witnesses and was convinced by them, we are constrained to affirm the decree in favor of plaintiffs.

Questions of law raised by defendants have been ruled on so frequently by this court that we need not again discuss them. We refer counsel to *Woodworth* v. *Porter,* 224 Mich. 470; *Sage* v. *Sage,* 230 Mich. 477; *Denevan* v. *Belter,* 232 Mich. 664; *Willard* v. *Shekell,* 236 Mich. 197, 203.

The decree is affirmed, with costs to plaintiffs.

MCDONALD, C. J., and POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred. CLARK, J., took no part in this decision.